THE GEORGIA RAILROAD AND BANKING COMPANY vs. FRIDDELL.

1. Two or more chartered railway companies whose lines terminate at the same point, that is, at the same town or city, are not bound as a matter of law to have and use separate terminal facilities, but may, within the corporate limits, use the same track in common with or without common ownership, and when they do so, a track thus used, though the exclusive property of one of the companies, is, for the time being, the track of each company so using it, and the proprietary company is not responsible to its employés for personal injuries which they sustain solely by reason of the negligent use of the track by the employés of another company. The redress for such injuries is against the company whose employés are at fault.

2. In *Macon and Augusta Railroad Company vs. Mayes*, 49 *Ga.* 355, the negligent company was using the franchise as well as the track of the proprietary company. In *Central Railroad Company, vs. Perry*, 58 *Ga.* 461; *Perry vs. Central Railroad Company*, 66 *Ga.* 746, the injury was to a passenger. In *Coggin vs. Central Railroad Compa·y*, 62 *Ga.* 685, the negligence was by an employé of the proprietary company, and the injury was to an employé of a telegraph company.

March 3, 1888.

Railroads. Damages. Negligence. Master and Servant. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1887.

Reported in the decision.

J. B. CUMMING; HILLYER & BRO.; A. H. COX; HENRY JACKSON, for plaintiff in error.

HULSEY & BATEMAN, for defendant.

BLECKLEY, Chief Justice.

Friddell was an employé of the Georgia Railroad Company as a switchman, his business being to change the switches in the city, and give signals to moving engines and trains on the Georgia railroad. While so engaged, and, we may assume, under the evidence, without any fault on his part, he sustained a personal injury on account of the negligence of the employés of the Richmond & Danville Railroad Company, they being in the exercise of the chartered rights of the Atlanta & Charlotte Air-Line Railway Company, or perhaps, the Richmond & Atlanta Air-Line Railway Company. At all events, they had chartered rights to enter the city, and this was the common terminus of the two companies. Their track, for some distance, ran parallel to the Georgia railroad, and upon it was situated a cotton compress, and on the Georgia railroad, or rather, on one of its side-tracks, there was another. By some arrangement between the two companies, there was a mutual interchange of tracks for the purpose of reaching these compresses and procuring freights from them, loading and unloading, etc. On this occasion, the Richmond & Danville train had gone on the Georgia railroad sideling to receive cotton from the compress located on that sideling; and coming up on the main line of the Georgia railroad, after transacting its business at the compress, the employés, by their negligence, injured Friddell, who was

attending to his duties in connection with a locomotive, and perhaps a train in sight, belonging to the Georgia Railroad Company, his employer. He brought an action against his own company for the injury which the other company had inflicted, and the theory of his action is, that his company, being the proprietor of the track over which the other company was running its trains when the injury occurred, is liable to him for the negligence of the employés of the other company when using that track, just as it would be for the negligence of its own employés. He recovered a verdict, and a motion for a new trial made by the Georgia Railroad Company was denied. Under that motion, the question arises whether Friddell has redress against his own company for this injury. It is contended, on the authority of certain cases, and on general principles, that the Richmond & Danville company, not having a contract with the Georgia Railroad Company for the use of its track, had no right to be there in such a way as to exempt the Georgia Railroad Company from liability for its negligence. The court below seemed to concede that if there had been a contract by which the Richmond & Danville company had a right to use the Georgia railroad track, the matter would have been upon a different footing; but the mere arrangement by way of interchange of use, the court seems not to have recognized as a contract or as equivalent thereto; or if the court did so, the jury, under the charge of the court, did not.

We think it makes no difference whether there was a contract or not. If each of these companies had a chartered right to come to the city of Atlanta, as each of them had, they could use a common track at a terminal point belonging to them jointly, or tracks in common belonging to them severally; and in the use of either each company would be upon its own franchise. It would not be exercising the franchise of the other company. That is the distinction. And hence, the verdict in this case was wrong. There could be much said in favor of several

companies having the privilege, which we think they have, to use the same track in common in a city ; and we know of nothing that would subject one company to its employés (though to passengers the rule of liability would be different) for the negligence of employés of another company.    The risk of service covers this.    And the employé is not without redress.    He cannot sue his own master, but he can sue the other company, the one whose employés were in fault, and recover against it; and we think that is the redress proper for such an injury.    So we rule as set out in the head-notes, and rest the case upon what we think is the clear principle applicable to the facts. Where numerous railways connect in the same city, the city is a common station for all, and interchange in the use of tracks is a needful practice for the accommodation of traffic.    It promotes the common interest of the companies, and the interest of the public, and employés who are unwilling to expose themselves to the risks of so reasonable a method of business, are not abreast with the exigencies of railway service.

The court erred in not granting a new trial.

Judgment reversed.