## The City of Atlanta vs. Alexander.

|    |    |
|----|----|
| 80 | 637 |
| a112 | 728 |
| 80 | 637 |
| 115 | 606 |
| 80 | 637 |
| 118 | 573 |
| 80 | 637 |
| 130 | 424 |

If counsel for the defendant in the court below desired a charge upon a question which was simply collateral to the main issue of the case, it was their duty to request it in writing. Where the request was made orally during the argument of counsel, and the attention of the presiding judge was not again called to it, and he failed to charge upon the subject at all, a new trial will not be granted because of such failure. *Harris vs. Central Railroad,* 76 *Ga.* 501, cited and distinguished.

(a) Where, in an action against a city to recover damages for serious personal injuries, caused by its negligence in permitting a deep hole to remain unrepaired in its sidewalk, its counsel, during the progress of his argument, asked the court to charge on the intervening negligence of the plaintiff, and that it was the duty of plaintiff to use reasonable means to effect as speedy a recovery as could reasonably be effected under all the circumstances, and that if she negligently failed to do so and negligently failed to secure the services of a physician in a reasonable time, and her injuries were aggravated thereby, she could not recover for such aggravation; this request, though it embodied a sound principle of law, was not properly made; and as the testimony showed gross negligence on the part of the city, and a verdict was rendered in the plaintiff's favor for a much smaller sum than she seems, under the evidence, to have been entitled to, showing that it was very probable that the jury took into consideration the principle which the court was requested to charge, the verdict will not be disturbed.

April 20, 1888.

Practice. Charge of court. Personal injuries. Before Judge VAN EPPS. City court of Atlanta. December term, 1887.

Reported in the decision.

J. B. GOODWIN and J. T. PENDLETON, for plaintiff in error.

MAYSON & HILL, *contra.*

SIMMONS, Justice.

Pleasant Alexander brought an action on the case in the city court of Atlanta against the City of Atlanta, wherein she alleged that she had been injured and damaged in the sum of $2,000, on account of the defendant's negligence in permitting a deep hole to remain in the sidewalk on Rhodes street, which had remained unrepaired for three months before the plaintiff was injured. She further alleged that on January 10th, 1887, in passing along said sidewalk going from work, and while using all due caution, and without any fault on her part, she fell violently into said hole; that her left side was terribly bruised and injured, her face mangled and one eye for a long time closed up, and her right knee so bruised and injured that for a long time she could not use it; that she suffered great pain for many days, was for a long time rendered helpless, and could not work for two months, and never has been able to earn more than half her former wages since that time; and that her injuries are permanent.

To this declaration the defendant filed a plea of the general issue. On the trial of the case, under the charge of the court, the jury returned a verdict for $400 for the plaintiff. The defendant made a motion for a new trial, which was overruled by the court, and the defendant brings the refusal of that motion here for review.

There is but one ground in the motion, which is as fol-

lows: " Because the court erred in not charging the jury
upon the subject of the intervening negligence of the
plaintiff; defendant's counsel having requested the court
orally, during the argument of the case, to charge the jury
upon that subject, and to charge that it was the duty of
the plaintiff to use reasonable means to effect as speedy
a recovery as could reasonably be effected under all the
circumstances, and if she negligently failed to do so, and
negligently failed to secure the services of a physician in
a reasonable time and her injuries were aggravated thereby,
she cannot recover for such aggravation of her injuries."

It was insisted by counsel for the plaintiff in error that
although this request was not made in writing, it was
made orally pending his argument to the jury, and that
under the decision in *Harris vs. Central Railroad*, 76 *Ga.*
501, it was the duty of the court to charge upon this sub-
ject whether he was requested to do so or not; and the
court having failed to charge upon the subject at all, that
he was entitled to a new trial. While the principle em-
bodied in the motion for a new trial, in our opinion, is
sound, and the court might have given it in charge to the
jury in this case without committing error, we do not think
the case relied on in 76 *Ga.*, *supra*, constrains us to grant
a new trial in this case. In that case, the court failed to
charge the jury upon the main defence of the defendant,
which defence, if true, would have prevented the plaintiff
from recovering at all in that case. And this court very
properly ruled that the court below erred in not present-
ing the defendant's principal defence to the jury. In this
case the defence was, that the city was not liable to this
plaintiff for the injury of which she complained. Upon
that defence the court charged the jury fully and fairly.
The request set out in the motion for a new trial was not
a denial of the plaintiff's right to recover, but was upon a
collateral question, to-wit, the mitigation of damages. It
was in effect an admission of the plaintiff's right to recover
some damages, but was to the effect that they should be

reduced in case she was negligent in failing to procure the attendance of physicians. For these reasons, we do not think we are constrained, under the case above referred to, to grant a new trial in this case.

This is specially true when we look to the facts as disclosed by this record, the serious injury that this woman received and the small verdict returned by the jury in her favor. The testimony shows that the city authorities were guilty of gross negligence in allowing this hole, four feet deep and three feet wide, to remain on the sidewalk over a month. It also shows that this plaintiff was very badly, if not permanently injured; and if what she and her physicians say about the extent of these injuries is true, she was entitled to a much larger sum for damages than the jury allowed her. And we are inclined to think, from the small amount allowed by the jury, that they must have taken into consideration the principle which the court was requested to charge, although he failed to charge it. The verdict is right, and we will not interfere with the discretion of the court below in refusing a new trial.

Judgment affirmed.