ATLANTA RAILWAY & POWER COMPANY *v.* WALKER.

1. The giving of a correct instruction to the jury is not cause for a new trial merely because of failure to give in connection therewith a pertinent charge upon some other branch of the law applicable to the case. It is not essential that a judge, in charging upon the abstract question of liability or non-liability, should in that immediate connection instruct the jury upon the law with respect to the measure of damages in the event they find the defendant liable.

2. The requests to charge, so far as legal and pertinent, were sufficiently covered by the general charge, which, as a whole, fully and fairly presented to the jury the law of the case.

3. It does not appear that a refusal to allow a witness to answer given questions resulted in injury to the complaining party, when the record does not set forth what would have been the answers to such questions.

4. Grounds of a motion for a new trial alleging that the verdict was contrary to specified portions of the charge of the court are in essence merely complaints that the verdict was contrary to law. It does not in the present case appear that the verdict was unlawful.

5. The evidence warranted the verdict, and it does not affirmatively appear that the same was excessive in amount.

Argued January 11, — Decided January 29, 1901.

Action for damages. Before Judge Calhoun. City court of Atlanta. July 23, 1900.

*Goodwin & Hallman* and *J. A. Anderson,* for plaintiff in error.
*Arnold & Arnold,* contra.

LEWIS, J. Mrs. Alice M. Walker brought suit against the Atlanta Railway and Power Company, in the city court of Atlanta, for $20,000 damages, on account of the death of her husband, W. T. Walker, alleged to have been caused by the negligence of the defendant or its employees in the running of one of its cars through the streets of the city of Atlanta. The defendant filed a plea, denying liability, and claiming that the death of plaintiff's husband was due to his own negligence and could not have been avoided by defendant or the crew in charge of its car. Upon the trial the jury returned a verdict for the plaintiff for $4,000; whereupon the defendant moved for a new trial upon divers grounds, upon all of which the motion was overruled. To the judgment of the court below overruling its motion for a new trial defendant excepts.

1. One ground of the motion is that the court erred in the following charge to the jury: "Even if the deceased might have been

negligent at the time he stepped upon this track, still such negligence would not prevent a recovery by his widow in this case, if, after the deceased was put in a situation of peril and danger by being caught under the machinery of the car, if he was so caught, the defendant's motorman could have saved his life by the exercise of ordinary care. If one is put in imminent peril of life, even though that peril is brought about by his own negligence, if his presence is known to the railroad company, and if by the use of ordinary care his life could have been saved, the company is bound to use that care, and if it does not use such care and injury ensues, the company would be liable. If a person is in a situation of imminent peril upon a railroad track, a failure of the agents of the railroad company to exercise all ordinary and reasonable care to save the life of the person in danger, if his danger was known to such agent, would be such gross negligence as to amount to willfulness, and would entitle the plaintiff to recover. If you believe that the first force of the collision between the deceased and the car was the cause of the death of the deceased, then you would not inquire into the question as to whether his being dragged, as alleged in the declaration, was negligence on the part of the defendant company. If you find that Mr. Walker's death was caused by the first blow stricken by the car, and before said dragging commenced, your only inquiry would be as to whether, in the event leading up to the collision, Mr. Walker himself was in the exercise of ordinary care and diligence, or whether the collision was an unavoidable accident for which nobody was to blame. In this aspect of the case, if you find that the negligence of Mr. Walker, if there was any negligence, was not the sole and real cause of the injury, and that by the exercise of ordinary care he could not have avoided the collision, and that the defendant failed to exercise ordinary care, then the defendant would be liable." It is objected that this charge excluded from the jury any consideration of the injuries to the deceased and the impairment of his earning capacity as a result of the blow from the car which knocked him down and which, according to the evidence, dragged him for some distance while under the car; movant contending that the evidence showed overwhelmingly that the original collision which knocked the deceased down was due to no fault of defendant; that the deceased received serious injuries which would have greatly reduced his capacity to labor and

earn money, had he recovered sufficiently to be able to do any work, and that the court should have submitted to the jury the question of whether the dragging of the deceased by the car was the cause of his death, and also what his condition would have been had he lived and not been dragged the additional distance. Plaintiff in error contends that in this connection the court should have charged, in effect, that if the defendant was without fault in the original collision and in dragging the deceased for a distance which was unavoidable, but the evidence showed that he was dragged by the car for a greater distance than was necessary, the company would only be liable for dragging him such distance as was unnecessary, and in awarding damages the jury should take into consideration the impairment of the earning capacity of the deceased caused by the original collision and dragging for which defendant was not liable.

It is not contended that the charge which the court gave, and which we have quoted above, was not a correct proposition of law. In that portion of the charge the judge was not dealing with the measure of damages which the plaintiff would be entitled to receive in the event the defendant should be found to be liable. He was simply charging the law as to the liability of the defendant, and the language used was a correct exposition of the law on this subject. The claim that a new trial should be granted on account of this charge, because of the failure to give in connection therewith a pertinent charge on the subject of the measure of damages, can not be upheld. It would not have been proper for the court to give such a charge in that connection. The question of the measure of damages was taken up in another branch of the charge entirely disconnected from the question of the liability of the defendant. Giving a correct instruction to the jury is certainly not cause for a new trial because of the failure to give in same connection a pertinent charge upon a different branch of the law applicable to the case. It will be observed that no request was made by counsel for plaintiff in error for the court to give the charge which it is claimed should have been given in this connection, nor was the principle embraced in his pleadings. On the contrary, the plea of the defendant denied all liability, and made no special defense upon the theory of the impaired capacity of the deceased resulting from the force of the original collision. In *City of Atlanta* v. *Alexander*, 80 *Ga.* 637,

this court held: "Where, in an action against a city to recover damages for serious personal injuries, caused by its negligence in permitting a deep hole to remain unrepaired in its sidewalk, its counsel, during the progress of his argument, asked the court to charge on the intervening negligence of the plaintiff, and that it was the duty of the plaintiff to use reasonable means to effect as speedy a recovery as could reasonably be effected under all the circumstances, and that if she negligently failed to do so and negligently failed to secure the services of a physician in a reasonable time, and her injuries were aggravated thereby, she could not recover for such aggravation; this request, though it embodied a sound principle of law, was not properly made." On page 639, Justice Simmons, in delivering the opinion of the court, says: "In this case the defense was, that the city was not liable to this plaintiff for the injury of which she complained. Upon that defense the court charged the jury fully and fairly. The request set out in the motion for a new trial was not a denial of the plaintiff's right to recover, but was upon a collateral question, to wit, the mitigation of damages." That was, if anything, a stronger case for the complaining party than the case at bar, for the reason that in his argument counsel requested the charge from the court. This court recognized that the principle embraced in the request was sound, but ruled that the refusal of the court could not work a reversal where the request had not been put in writing. In this connection, see also *Pierce* v. *Atlanta Cotton Mills*, 79 *Ga.* 782. By reference to the charge of the court in the present case it will be seen that the form suggested by this court in *F. C. & P. R. R. Co.* v. *Burney*, 98 *Ga.* 1, was followed to the letter, and, indeed, there is no exception to the charge of the court on the subject of the measure of damages.

2. There are several grounds in the motion for a new trial, assigning error upon the refusal of the court to give to the jury certain instructions embraced in written requests made by counsel for plaintiff in error. We have carefully considered these requests in connection with the general charge of the court, and our conclusion is that the requests to charge, so far as legal and pertinent, were sufficiently covered by the general charge, which, as a whole, fully and fairly presented to the jury the law of the case, and was accurate in the presentation of every material issue involved in the contentions of both plaintiff and defendant. We fail to see any

error authorizing a reversal of the judgment on account of the refusal of the court to charge as requested by counsel.

3. Another ground in the motion for a new trial alleges error in the refusal of the court to allow Love, a witness for the defendant, to answer certain questions which were propounded by counsel. It does not appear from the record what the answers to the questions would have been, and consequently this court can not undertake to reverse the judgment on such a ground, when there is nothing to show that the defendant below was injured by the ruling of which complaint is made. This principle has been so repeatedly announced by this court that it is unnecessary to discuss it further.

4. Several grounds of the motion for a new trial allege that the verdict was contrary to specified portions of the charge of the court. This, in essence, is merely a complaint that the verdict was contrary to law. After a careful review of the record, we can not say that the verdict was unlawful, nor does it appear that there was any abuse of discretion on the part of the court in refusing a new trial on these grounds.

5. It is further contended by counsel for plaintiff in error that the verdict was unwarranted by the evidence, and excessive in amount. There was considerable conflict in the testimony, but we think that there was sufficient evidence to warrant the verdict rendered. The jury are peculiarly the judges of the facts, and it does not affirmatively appear that the amount of their finding was excessive. The trial judge having heard the case and passed upon this motion for a new trial, and the record failing to disclose that he was guilty of any abuse of discretion in overruling the same, we feel constrained to affirm his judgment.

*Judgment affirmed. All the Justices concurring.*