## SOUTHERN RAILWAY COMPANY *v.* COURSEY *et al.*

1. A defendant is not entitled to a new trial because a pauper affidavit which the plaintiff, who lost the case upon a previous trial, filed for the purpose of taking the same to the Supreme Court, was, upon the subsequent trial thereof in the lower court, inadvertently handed to the jury, along with other papers in the case, when they went out to make their verdict.

2. A request to charge, based upon the theory that the testimony of the defendant's witnesses was unimpeached and uncontradicted, was properly refused, when it appears that such testimony was, as to a material fact, directly in conflict with that of a witness, or witnesses, for the plaintiff.

3. Where the charge of the court upon a given subject is made in response to a written request setting forth the instructions desired, and is as comprehensive upon the subject as the instruction set forth in the request, the party at whose instance the charge was given can not complain that it was not full enough.

4. The law upon the question of negligence, both as it affected the plaintiffs' right to recover and the right of the defendant to have a judgment rendered in its favor, having been substantially and fairly submitted to the jury, and the law in reference to contributory negligence not being, under the contentions of the parties, directly involved in the case, this court will not reverse the judgment of the lower court, overruling a motion for a new trial, because the court failed to charge the law applicable to contributory negligence, when there was no request to charge upon this subject.

5. There was no merit in the ground of the motion wherein it was alleged that the court failed to submit to the jury the defense relied upon by the defendant.

6. A motion to rule out the whole of the testimony of a particular witness was properly overruled, when a considerable portion of such testimony was admissible.

7. Under the evidence, the verdict was not so excessive as to require the grant of a new trial.

Submitted May 1, — Decided June 6, 1902.

Action for damages.   Before Judge Gober.   Cobb superior court. December 23, 1901.

*H. M. Dorsey, F. E. Callaway,* and *B. F. Frey,* for plaintiff in error. *J. E. Mozley* and *C. H. Griffin,* contra.

FISH, J.   At the first trial of this case a nonsuit was granted, and the plaintiffs brought the case to this court for review. In order to do so, they filed a pauper affidavit, setting forth that, by reason of their poverty, they were unable to pay the costs.   The judgment of the lower court was reversed by this court.   113 *Ga.* 297.   When the case came on for trial in the lower court again, the pauper affidavit was attached to the original papers, and, by mere inadvertence of the plaintiffs' counsel, was not detached therefrom when the papers were handed to the jury.   One of the grounds of the motion for a new trial with which we are dealing alleged that the verdict should be set aside and a new trial granted, because this affidavit was delivered to the jury.   It does not affirmatively appear that the affidavit was read by the jury, or that they knew of its existence, and if it did, we fail to see how so slight a circumstance as this would entitle the defendant to a new trial.   Even if the jury read this affidavit, it is not at all probable that it influenced their verdict.   The information which it might have conveyed to them was about an immaterial matter.   It would simply have informed them that the plaintiffs had lost their case upon the former trial, and that they were too poor to pay the costs of taking the case to the Supreme Court.   It would seem that this information, if hurtful at all, would have been no more so to the defendant than to the plaintiffs.   This ground of the motion afforded no sufficient cause for a new trial.   *Shuman* v. *Smith,* 100 *Ga.* 415, was a case in which Shuman had appealed, from a judgment rendered against him in the county court, to the superior court, in which last-mentioned court judgment again went against him.   It was held that it was not cause for a new trial that the appeal bond was taken by the jury to their room, although, if the jury read the bond, they would have known that the appellant had lost the case upon the trial in the county court.

2. In one ground of the motion error was alleged because the court refused to give a charge, requested in writing, which it appears was based upon the theory that the defendant's witnesses

were unimpeached and uncontradicted. In another ground it is alleged that the verdict should be set aside, because it could not have been rendered without imputing perjury to unimpeached witnesses of the defendant, and because to render this verdict the jury had to override and arbitrarily reject the unimpeached evidence offered by the defendant, as the plaintiffs introduced evidence which only raised the legal presumption against the defendant, and did not raise any issue as to the credibility of the defendant's witnesses or as to the truth of their testimony. An adverse ruling upon the ground first mentioned naturally disposes of the other. The request to charge was based on a theory which was not supported by the evidence. It is true that according to the testimony of the conductor and flagman of the train, in alighting from which the plaintiff, Mrs. Coursey, sustained the injuries for which the suit was brought, the train crew was composed of the conductor, the engineer, the fireman, the flagman, and the train porter, and that upon the occasion in question no one but the conductor took up any tickets; and each of these witnesses testified that he did not tell Mrs. Coursey to get off the train, and did not know that she was on the train, nor know anything about her getting off the same. But Willson, a witness for the plaintiffs, testified that he was on the train that night, and saw Mrs. Coursey in the same coach that he was in, and that the man with the lantern who hurried Mrs. Coursey and her brother, Charles Thompson, off the train, and who, when Mrs. Coursey told him that the train was running too fast and she could not get off, said, "Yes, you can get off," and who kept telling them to "hurry, hurry up," was the same man who took up his (Willson's) ticket that night; that he saw this man pass through the coach several times, with a lantern on his arm, taking up other people's tickets. Taking as true the testimony of the conductor and the flagman, that the conductor alone took up tickets on the train that night — and the jury could have believed this without believing that portion of the conductor's testimony which conflicted with that of Willson, especially as there was no necessary conflict between the latter's testimony and that of the flagman, — the jury could have found that the man who told Mrs. Coursey and her brother to get off the train was the conductor. So the testimony of the conductor, that he had nothing to do with Mrs. Coursey's getting off the train that night and did not even know that

she got off or was on there at all, was contradicted, and this contradiction was upon a vital issue in the case.   Both Mrs. Coursey and her brother, Charles Thompson, testified that it was the man with the lantern on his arm who told them that they would have to get off the train.   It is obvious that the court did not err in declining to give the charge requested.

3. Complaint was made in another ground of the motion, that the court charged the jury: " If the defendant's witnesses have not been impeached in any way known to the law, they go before the jury as other witnesses, and are entitled to be believed, and the jury can not arbitrarily disregard their testimony."   This charge is alleged to be erroneous, " because it called special attention to the question of the impeachment of defendant's witnesses in a general and indefinite way, calculated to mislead the jury.   In other words, it did not state to the jury what was meant by the phrase, 'If the defendant's witnesses have not been impeached in any way known to the law.'"   This charge was given in response to a written request of the defendant, and the charge given is no more open to the above criticism than was the request which elicited it.   The charge which the court was requested to give was as follows: " The court charges you that if the railway company has overcome the legal presumption upon which alone the plaintiffs' case rested, and if the defendant's witnesses have not been impeached in any way known to the law, they are entitled to be believed, and you can not, under your oaths, disregard their evidence."   The court properly refused to give the first portion of this request, because to have done so would have been an expression of opinion that the plaintiffs' case, under the evidence, rested *alone* upon the legal presumption against the defendant, arising from proof of the injury by the running of its cars; but gave the latter portion, though in slightly different language.   It will be seen that the whole of this request, both the portion which the court declined to give and the portion which was given, dealt with the question of the credibility of the witnesses for the defendant.   Its effect was that if the jury believed the legal presumption against the defendant to have been overcome, *and also believed* that its witnesses had not been impeached in any way known to the law, the jury could not disregard their testimony.   The court simply charged the jury that if the defendant's witnesses had not been impeached, the jury could

not arbitrarily disregard their testimony. Obviously, the defendant can not complain that the charge of the court upon this subject, given at its request, was no more comprehensive than the request. This charge is also complained of as an expression of opinion by the court as to the credibility of the defendant's witnesses. We do not think it was; but if it had been, the defendant, having requested it to be given, could not complain because it was given.

4. It was alleged in the motion that the court erred in failing to charge the law upon the subject of contributory negligence, although no request was made that the court should charge the jury upon this subject. The law in reference to contributory negligence was not directly involved in the case, the issue upon which the parties went to trial being liability or non-liability upon the part of the defendant company. It was only relevant upon the question of the mitigation of damages, in the event the jury should find that the plaintiffs were entitled to recover. The law upon the question of negligence, both as it affected the right of the plaintiffs to recover and the right of the defendant to have a verdict rendered in its favor, having been substantially and fairly submitted to the jury, and the defendant not having requested the court to charge the law applicable to contributory negligence, this court will not reverse the judgment overruling the motion for a new trial, because the court omitted to charge upon that subject. *Daniels* v. *Athens*, 55 *Ga.* 609 (7). "If counsel for the defendant in the court below desired a charge upon a question which was simply collateral to the main issue of the case, it was their duty to request it in writing." *City of Atlanta* v. *Alexander*, 80 *Ga.* 637.

5. It was alleged in another ground of the motion that a new trial should be granted, " because the court failed in its charge to submit to the jury the defense relied upon by the defendant, namely, that if the plaintiff, Mrs. Annie Coursey, voluntarily and without any suggestion or order or direction from either the conductor or other employee of the defendant company in charge of said train, left the train, then she would not be, in any event, entitled to sustain a recovery, and they should find for the defendant." The trial judge did charge the jury: "The plaintiffs insist Mrs. Coursey was ordered off by the conductor or party in charge of the train, this being an allegation by the plaintiffs. It is incumbent upon them to satisfy the jury of this fact; this is so in order to

make out the case, and the burden is on the plaintiffs so to do." It will be seen at once that this charge covered the contention of the plaintiffs and was really more favorable to the defendant in the court below than the charge which it alleges should have been given.    The complaint was that the court failed to charge the jury that if Mrs. Coursey left the train voluntarily, without any *suggestion* or order or *direction* from either the conductor or other employee of the defendant company in charge of the train, they should find for the defendant; while the court charged the jury that it was incumbent upon the plaintiffs to satisfy the jury that Mrs. Coursey was *ordered off* the train by the conductor or party in charge thereof, that this was necessary in order to make out the case, and that the burden was on the plaintiffs to do so.

6. It was also alleged in the motion that the court erred in refusing, upon motion of defendant's counsel, to rule out the whole of the testimony of a witness named Heifner, the ground of the motion to rule out being that the evidence was immaterial and irrelevant. One has but to read the testimony of this witness, as set forth in the motion for a new trial, to see that the whole of it was not subject to this objection.    He testified that he saw Mrs. Coursey on the night that she was hurt, at Austell; that at the time that he saw her she was hurt, appeared to be suffering a great deal, and was complaining of great pain; that when he first saw her she was walking toward the second section of the train, upon which section the witness was; that in walking to the same she was supported by her brother; and that he then traveled with her and her brother from Austell to Choccolocco, Ala.    According to other testimony in the case, this second section came along in a few minutes after the one in alighting from which Mrs. Coursey sustained her injuries had passed, one witness testifying it was about two minutes. Clearly this portion of the testimony of Heifner should not have been ruled out upon the objection made thereto.    It is clear that a motion to rule out the whole of the testimony of a particular witness was properly overruled when a considerable portion of such testimony was admissible.

7. After carefully reading and considering the evidence, we can not say that a new trial should have been granted on the ground that the verdict was excessive.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*