## 1076. STARR *v.* SOUTHERN RAILWAY COMPANY.

Whether the allegations of the petition in this case make the plaintiff a
licensee or a trespasser, they are sufficient to withstand a general de-
murrer; and the conclusion of negligence therefrom and consequent lia-
bility is a question of fact for the jury, and not one of law for the court.
The judgment sustaining the demurrer and dismissing the petition was
erroneous.

Action for damages, from city court of Floyd county—Judge
Hamilton. February 28, 1908.

Argued May 5,—Decided June 18, 1908.

*M. B. Eubanks, W. B. Mebane,* for plaintiff. *George A. H.
Harris & Son, Maddox, McCamy & Shumate,* for defendant.

HILL, C. J. Starr sued the Southern Railway Company for an
injury which occurred in the State of Alabama. The court sus-
tained a general demurrer to the petition, and the writ of error
challenges the correctness of this judgment. The petition, in brief,
makes the following case: The plaintiff was engaged in driving
a dray in the town of Gadsden, Ala. His family lived at Cedar
Bluff, some fifteen miles from Gadsden. On every Saturday after-
noon his son, who was a brakeman on a freight train of the defend-
ant, would bring his clean clothes to him from his home at Cedar
Bluff, and take his soiled clothes back to his home on Monday
morning. The plaintiff would meet the trains on Saturday after-
noons at Gadsden and get his clothes from the brakeman. This
was not an occasional happening, but was uninterrupted and con-
tinuous for eighteen months; and he did this with the consent
and at the invitation of the brakeman, and this habit was well
known to the defendant, or could have been known by the exercise
of any care. On the day the plaintiff was injured he started to get
up on the freight train of the defendant company, to get his
clothes from the brakeman as usual, and, just as he mounted the
car to get up on it, the train suddenly pulled off. At the time he
began to mount the car, it was forty feet from a box-car on a
side-track, which had been left within four inches of the cars on
the main line, and, before he got to the top of the car, his body
came in contact with the box-car on the side-track, and his arm
was mashed off and his leg broken. He did not know of the car
standing on the side-track, until after his injury. The engineer
and the fireman had just passed with their engine by the car on the

side-track, and knew that this car was too near the main line. The brakeman on the train saw the plaintiff getting on the car, saw that the car on the side-track was dangerously near the main line, knew that the plaintiff did not see the car, and knew that he would be hurt. The brakeman immediately gave to the fireman, who was at his post of duty on his engine, a danger and distress signal, and, with a motion of his hand, signaled the fireman to stop the train immediately; but the fireman did not tell the engineer promptly of the signals, as he should have done, nor did he make them known to the engineer at all, until after the plaintiff was hurt, or, if he did signal the engineer, the engineer failed to obey the signal and did not stop the train. When the brakeman became aware of the plaintiff's danger, the train was running very slow, to wit, five miles per hour, and if the fireman had heeded the signals as they were given him, and had reported them promptly to the engineer, the train could and would have been stopped immediately. Negligence is alleged, in leaving the car on the side-track within four inches of the cars on the main line; in the engineer and fireman in not keeping a lookout for the plaintiff on Saturday afternoon; in the fireman in not immediately making known to the engineer the danger and distress signal and the signal to stop immediately, which he had received from the brakeman; in the engineer in not heeding the signals given to him by the fireman; and in the engineer and the fireman in not stopping the train immediately after the danger to the plaintiff had become known to the brakeman.

Whether the allegations of the petition make the plaintiff a licensee or a trespasser, they sufficiently show a cause of action to withstand a general demurrer. The distinction between a licensee and a trespasser, and the correlative liability of the railroad company, is so clearly and fully drawn by this court in the case of *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607 (58 S. E. 1060), and citations therein, that nothing can be added on the subject. Conceding the contention of the defendant in error, that the plaintiff was only a trespasser, and that his perilous situation was brought about by his own negligence, yet, according to the allegations of the petition, his presence and perilous position were known to the employees of the railroad company in charge of the train, in time to stop the train without hurting him; and it was therefore a question for the jury to determine if the injury to him could not have

been avoided by the use of due care on the part of such employees. The allegations are distinct, that the perilous position of the plaintiff was seen by the brakeman, who immediately gave a distress signal to the fireman to stop the train; that the fireman received this signal, and either failed to give it to the engineer, or, if he did give it, the engineer failed to obey it. There was no objection made to the form of these allegations, and, if proved as laid, the company might be liable; at least, the conclusion of negligence from these facts was for the jury, and not for the court, though, before a recovery would be warranted, the facts should show that the injury to the plaintiff was wilful or wanton. We therefore think there was error in sustaining the demurrer and dismissing the petition. *Charleston Railway Co.* v. *Johnson,* 1 *Ga. App.* 441 (57 S. E. 1064); *Atlanta Ry. & Power Co.* v. *Walker,* 112 *Ga.* 725 (38 S. E. 107); *Kendrick* v. *Seaboard Air-Line Ry.,* 121 *Ga.* 775 (49 S. E. 762); *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283).          *Judgment reversed.*