10418.  HERNANDEZ v. COPELAND.

BROYLES, P. J.  The petition set out a cause of action, and the court erred in sustaining the general demurrer.

*Judgment reversed.  Bloodworth and Stephens, JJ., concur.*

DECIDED JUNE 27, 1919.

Action for damages; from Chatham superior court—Judge Meldrim.  January 28, 1919.

The action was for personal injuries from a collision of the defendant's automobile with the plaintiff's bicycle.  The petition alleged, in substance, that at night the plaintiff was riding a bicycle in the rear of the defendant's automobile on a public road. The defendant's wife, as his agent, was driving the automobile, and the defendant was seated at her side on the front seat.  The plaintiff, desiring to pass the automobile, while it was going at a speed of between five and eight miles an hour, rode on his wheel to the left of the automobile and proceeded along by its side, and then ran in advance of the automobile to the right of the road and continued to ride for three or four minutes on the right side of the road and about twenty feet in advance of the automobile, when the front wheel of his bicycle struck a sandy place on the right side of the road, and as a result of this the bicycle overturned and he was thrown to the ground on the right side of the road.  He *immediately* arose, and his body was in almost an erect position when he was struck in the back by the right front fender of the automobile and again knocked to the ground.  The automobile was not stopped, nor the speed slackened, nor its course deflected, but it came straight ahead, and, after knocking him to the ground, the right front wheel passed over his right leg, and his clothing became entangled in the wheels and machinery of the automobile, and he was dragged by it along the road for a distance of between 200 and 300 feet, after which the defendant placed him and the bicycle in the automobile, and took him to a hospital.  He received certain injuries (described) as a result of the striking and dragging by the automobile.  It was alleged that the injuries were due entirely to the defendant's negligence as follows:  (1) in permitting his wife, who was an inexperienced and incompetent driver, to have charge and control of the machine; (2) in permitting the automobile to be driven along the public road at that time and place, in close proximity to the plaintiff's bicycle, without due care for

his rights and safety being exercised; (3) in that the defendant's wife did not use all reasonable and proper care, in the driving of the automobile, to avoid collision with and injury to the plaintiff; (4) in that the defendant's wife, when the plaintiff fell to the ground, took her hands from the steering wheel and threw them to her face, and allowed the machine to speed on its course and overtake and injure the plaintiff, whereas if she had either applied the brakes of the machine or had steered it to the left of the plaintiff while he was prostrated on the ground and in the act of rising, all injury to him would have been avoided; (5) in that the defendant, when his wife failed to apply the brakes and released the steering gear, did not himself apply the brakes and steer the automobile to the left, and thus avoid striking the plaintiff; (6) in that the defendant allowed the machine to be propelled under its power for a distance of between 200 and 300 feet without stopping it, and thus dragged the plaintiff along the road, and thus aggravated the initial injury to the plaintiff's leg and tore his clothing into shreds.

The defendant demurred, on the grounds, (1) that no cause of action was stated against the defendant, and (2) that there was a non-joinder, in that the defendant's wife should be made a party defendant. The court overruled the second ground and sustained the general demurrer and dismissed the petition.

*Oliver & Oliver,* for plaintiff, cited: 120 *Ga.* 230 (1); 122 *Ga.* 664 (1); 103 *Ga.* 823; 4 *Ga. App.* 436, 438; 6 *Ga. App.* 684 (2); 17 *Ga. App.* 699 (1), and cit.

*Adams & Adams,* for defendant, cited: 7 *Ga. App.* 642 (1); 100 *Ga.* 46, 49-50.