30625, 30626. LOVETT *v.* SANDERSVILLE RAILROAD CO.; and *vice versa.*

DECIDED JUNE 28, 1945.  REHEARING DENIED JULY 14, 1945.

694

*Hewlett & Dennis, T. F. Bowden, Hamilton McWhorter Jr.,* for plaintiff.

*J. J. Harris, E. W. Jordan,* for defendant.

FELTON, J.  ■  Under the doctrine of the last clear chance the petition set forth a cause of action and the court did not err in overruling the general demurrer. "The doctrine of last clear chance means that even though a person's own acts may have placed him in a position of peril, yet if another acts or omits to act with knowledge of the peril, and injury results, the injured person is entitled to recover." 38 Am. Jur. 904, § 218. The origin of the doctrine is said to be traced to the celebrated English decision of Davies *v.* Mann, 10 Mees & W. 546, 152 Eng. Reprints 588, 19 Eng. Rul. Cases 190. The burden of the railroad's argument is, that the plaintiff is barred from a recovery because the deceased was negligent in being on the railroad track. Quotations from 45 C. J., pp. 987, 993, are to the effect that the doctrine of the last clear chance is subject to the qualification that there can be no recovery if the plaintiff's negligence concurs with the negligence of the defendant as a proximate cause of the injury. This statement and similar ones, in the States applying the doctrine, mean that if the injured person is guilty of an act or acts of negligence, *in addition to the original act* of negligently placing himself in a position of peril, which additional act of negligence concurs with the negligence of the defendant to proximately cause the injury, there can be no recovery. These statements do not mean that if the plaintiff was guilty of negligence which merely existed at the time of the injury there could be no recovery. *If such were the case the doctrine of last clear chance could never have arisen.* The very case from which the doctrine arose shows this view to be correct. In that case the plaintiff left his donkey on the highway so fettered as to prevent it from getting out of the way of carriages, but a recovery was allowed because the defendant negligently drove a carriage against the animal. There the negligence of the plaintiff concurred and co-operated in producing the injury, *but it did not bar recovery, because the plaintiff's negligence was too remote* to be the proximate cause of the injury. Under the statement in 45 C. J. 987, concerning the qualification of the rule of last clear chance where the negligence of the plaintiff concurs with that of the defendant, there is no authority cited for this statement. However, the footnote to the statement does refer readers to 45 C. J. 993, § 545, which is entitled "Concurrent negligence of plaintiff." The footnote cites as authority some ninety-

three cases from some thirty jurisdictions, and makes an impressive list, but the majority of these decisions clearly have no application to the case at bar. In most of them the negligence of the plaintiff and that of the defendant were concurrent (occurred at about the same instant in point of time), and there was, of course, no question of last clear chance, though many of the decisions make reference to the doctrine. In these cases, the majority of which are railroad-crossing injuries, *the plaintiff had not placed himself in a perilous position until the very moment of the impact,* and clearly as long as the plaintiff was not in danger there was no duty upon the defendant railroads to stop their trains while the plaintiff was in a place of complete safety. However, in almost all of the cases, when the plaintiff placed himself in the position of peril and was struck almost instantly, there was no time within which to avert the accident. These cases can not, under their facts, be said to support the qualification of the doctrine of last clear chance when applied to the instant case, in which the plaintiff's danger and his obliviousness of it are in effect alleged to have been known by the defendant for some time before the injury, and from a considerable distance from the place of the accident. Moreover, in this same section (45 C. J. 994, § 545), it is stated: "The courts are not in entire agreement as to whether there can be a recovery by one who could, by the exercise of ordinary care, have extricated himself or his property had he been aware of the danger, but who fails to do so because he is unconscious of the peril. While there is authority to the contrary, *it is generally held that recovery may be had in such cases.*" (Italics by the court.) The rule set forth in Green *v.* Los Angeles Terminal Ry. Co., 143 Cal. 31 (76 Pac. 719, 101 Am. St. R. 68), without question can not be said to apply to the facts of the instant case. In that case the plaintiff's wife was run over and killed by the defendant's train. The plaintiff alleged that the proximate cause of his wife's death was the negligence of the defendant in operating its train at an excessive speed (there was no statute or ordinance controlling the speed), and in failing to give warning of the approach of the train to his wife, who, when first sighted by the defendant, was some thirty feet from the railroad walking in the direction of the track. The defendant answered that the plaintiff's wife was contributorily negligent in not exercising ordinary care to observe the train before

stepping upon the track. As she stepped upon the track the train struck her almost instantaneously, and, of course, the court held that the last clear chance doctrine could not apply in such a case since the defendant owed her no duty to warn her until she was in a place of danger, and she had not entered upon a perilous place until the very moment the train struck her. Certainly this and all the other cases cited under § 545 show by the facts what is meant by concurrent negligence, and under the facts of the instant case this qualification of the doctrine of last clear chance can not be made applicable to it. The American Law Institute in its Restatement of the Law of Torts, § 480, states: "A plaintiff who, by the exercise of reasonable vigilance, could have observed the danger created by the defendant's negligence in time to have avoided harm therefrom, may recover, if, but only if the defendant (a) knew of the plaintiff's situation, and (b) realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and (c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff." It is likewise clear that the doctrine is applicable to the facts of the instant case from the following statement in 38 Am. Jur. 907, § 222: "The doctrine of last clear chance applies to permit a recovery by the plaintiff where the danger actually threatening him was discovered by the defendant, and, under the circumstances, the peril ought to have been realized by the defendant in time to avert the accident, notwithstanding the plaintiff was physically able to escape the danger until the instant before the impact, or at least down to a point of time after which it was impossible for the defendant to avert the accident, *and was guilty of continuing and concurrent negligence in the sense of his continued obliviousness of his own danger, which it was his duty to discover and realize.*" (Italics by the court.) See in this same connection 92 A. L. R. 86, and 119 A. L. R. 1055, where an overwhelming number of cases is cited supporting this theory under which recovery is allowed. The doctrine is not incompatible with the common-law rule concerning contributory negligence, nor with the statutory principle of comparative negligence. Where, under the pleadings and evidence, the rule is applicable, the negligence of the plaintiff in placing himself in peril and not discovering it until too late is

considered too remote to be considered as a contributing cause of the injury, for the reason that the defendant's subsequent negligence (last clear chance) is considered the producing and sole proximate cause. The rule is based on the identical principle which precludes the plaintiff from recovering if he could have avoided a defendant's negligence after he discovers it, or should have in the exercise of ordinary care. The doctrine is applied in this State. *Atlanta Railway & Power Co.* v. *Walker,* 112 *Ga.* 725 (38 S. E. 107); *Louisville & Nashville R. Co.* v. *Plunkett,* 6 *Ga. App.* 684 (65 S. E. 695); *Bennett Drug Stores* v. *Mosely,* 67 *Ga. App.* 347 (20 S. E. 2d, 208).

The fact that in the above cases the injured person was not physically able to escape does not mean that if an injured person is able to escape the doctrine would not apply. The citations above from the Restatement of the Law of Torts and from A. L. R. show the weight of authority to be as we have ruled, that the doctrine is applicable in cases where the injured person is capable of escaping, where the other elements giving rise to the application of the doctrine are present, as in the instant case. The cases cited by the railroad are trespasser cases. In the instant case the deceased was not a trespasser, and therefore the rule in such cases has no application.

■ The fourth ground of the motion for new trial, as amended, assigns error upon the court's refusal to allow counsel for the plaintiff more than one hour within which to argue the case, despite the fact that before argument was begun counsel informed the court that they could not fully and completely argue the law and facts of the case in less than two hours. Counsel contend that in a case such as presented by the plaintiff, they were entitled to a two-hour argument as a matter of right. In support of their contention they invoke the Code, § 81-1007, which reads as follows: "Time limit of argument.—In all cases other than felony cases counsel shall be limited in their arguments to two hours on a side; and in cases appealed from justices' courts and county courts, counsel for neither party shall, without special leave of the court obtained before the argument is opened, occupy more than one-half hour in the whole discussion of the case after the evidence is closed." § 81-1008 provides: "Extension of time when allowed. — If counsel on either side before argument begins shall apply to the court

for extension of the time prescribed for argument and shall state in his place or on oath, in the discretion of the court, that he or they can not do the case justice within the time prescribed, and that it will require for that purpose additional time, stating how much additional time will be necessary, the court shall grant such extension of time as may seem reasonable and proper." The sections of the Code indicated were taken from an act of the General Assembly, approved August 18, 1924 (Ga. L. 1924, p. 75). The question presented by this exception was certified to the Supreme Court and has been answered by it as follows: "Under the provisions of the Code, § 81-1007, in a civil action originating in the superior court, counsel are entitled as a matter of right to two hours on a side in which to argue the case, and the trial judge has no right in his discretion in such a case, under said section of the Code, to limit the argument to one hour on a side." *Lovett* v. *Sandersville Railroad Co.*, 199 *Ga.* 238 (33 S. E. 2d, 905).

■ The assignment of error the ground of which is that the court erred in failing to charge the jury without request on the doctrine of "last clear chance" is without merit, for the reason that the assignment of error incorrectly defines the doctrine. The principle as stated in the assignment is as follows: "A person who has the last clear chance or opportunity of avoiding doing injury to another person, notwithstanding such other person's own negligence in placing himself in an exposed position, is considered in law, to be solely responsible for the injuries so inflicted." In the first place it is not stated in the assignment that the last clear chance or opportunity of avoiding injury is confined to cases where the injury may be avoided by the exercise of ordinary care. In the second place, the statement of the doctrine in the assignment did not confine the injured person's negligence to his original negligence in placing himself in danger and did not exclude the negligence of such person after actual discovery of his danger. See discussion in division 1 of this opinion.

■ For the reasons stated in division 3 it was not error to refuse to give the requested charge on the subject of "last clear chance."

■ It was not error for the court to refuse to give the charge requested on the subject of the deceased's engrossment. The import of the request is that the negligence of the deceased in not discovering his peril might be excused if he was justifiably en-

grossed in his work and was therefore oblivious of his danger. While the requested charge might be considered more favorable to the defendant than to the plaintiff, the principle involved in the request to charge is not the law. It would make no difference why the plaintiff did not discover his peril, if in fact he did not, and the defendant discovered his peril and obliviousness of it and did not avert the injury by the exercise of ordinary care if it could have done so.

The court did not err in overruling the demurrer to the petition.

The court erred in overruling the motion for a new trial for the reason stated in division 2 of the opinion.

Pursuant to the act of the General Assembly, approved March 8, 1945, requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed on the cross-bill. Sutton, P. J., MacIntyre and Gardner, JJ., concur. Broyles, C. J., and Parker, J., dissent.*

*Judgment reversed on the main bill. Sutton, P. J., MacIntyre, Gardner, and Parker, JJ., concur.*

BROYLES, C. J., dissenting as follows: In my opinion, the petition, construed most strongly against the plaintiff, failed to set forth a cause of action, and the error in overruling the general demurrer to the petition rendered the further proceedings in the case nugatory.