35224. ATLANTIC COAST LINE R. CO. *et al. v.* NEWSOME.

DECIDED JULY 7, 1954—REHEARING DENIED JULY 27, 1954.

J. Cecil Davis, Weldon C. Boyd, for plaintiffs in error.

W. Tom Veazey, Randall W. Evans, Jr., contra.

TOWNSEND, J. ■ The allegations of the petition are not here set out in detail, as they are substantially identical with the allegations of like petitions which are set out in the opinion of *Savannah & Atlanta Railway Co.* v. *Newsome,* and *Newsome* v. *Savannah & Atlanta Railway Co.,* p. 392, ante. It follows that the present case is controlled by the former cases, the rulings in which were that the petitions set forth a cause of action against general demurrer. This is true although the petition in this case does not contain the specification of negligence dealt with in division 5 of the opinion in *Savannah & Atlanta Railway Co.* v. *Newsome,* supra, to the effect that "there was nothing about the train which would serve to give notice to this plaintiff of the presence of the same", and also specifications of negligence against the defendant in failing to warn the plaintiff in certain stated ways, since the petition alleges negligence in creating and maintaining the dangerous situation therein described, and also negligence "in that the brakeman of the Savannah & Atlanta Railway Co. . . . stood at said parked train . . . so that he was between the train and the automobile in which plaintiff was approaching the crossing, with an electric lantern in his hand, which was lighted, and with an opportunity to shine same, and with an opportunity to wave same towards plaintiff so as to warn plaintiff that the train was on the tracks, which he did not do, but to the contrary held the light in such fashion that they could not see it." See *Atlanta Ry. & Power Co.* v. *Walker,* 112 *Ga.* 725, 726 (38 S. E. 107).

■ The allegations that "said railroad-crossing sign was the property of said defendants, had been installed by them, had been allowed to fall over by them, and had been allowed to remain on the ground by them the time aforesaid. . . Said railroad-crossing sign had been down for at least 48 hours, which

fact was known to the agents and employees of defendants, but was unknown to plaintiff and her husband" are not subject to special demurrers interposed thereto. The defendants are not entitled to have the plaintiff plead her evidence as to the facts on which she expects to rely to show knowledge by the defendants with facts with which they are alleged to have been acquainted. *Western Union Telephone Co.* v. *Griffith*, 111 *Ga.* 551 (2) (36 S. E. 859).

■ Code § 94-319 provides that any railroad leasing track line to another railroad company shall have the contract of lease recorded in the office of the superior court of the county through which the line of road runs. Code § 94-320 provides that failure to record such agreement shall have the effect of making the lessor company liable for the acts of the lessee to the same extent as though the lessee's acts had been its own. In *Savannah & Atlanta Railway Co.* v. *Newsome*, supra, the plaintiff sued the lessee railroad upon the same state of facts which it now alleges against the lessor company. Code § 94-320 is not restricted to lease agreements outside of corporate limits only, but applies to all such agreements. Accordingly, the decisions of *Central Railroad & Bkg. Co.* v. *Perry*, 58 *Ga.* 461 and *Georgia R. & Bkg. Co.* v. *Friddell*, 79 *Ga.* 489 (7 S. E. 214, 11 Am. St. R. 444), relating to the duty of the lessee company to protect the lessor as against injuries caused by the former, have no application here, those cases having been decided prior to the act of 1899 codified as Code §§ 94-319 and 94-320.

■ The remaining grounds of special demurrer were, insofar as they were meritorious, met by amendment, and no error is shown in overruling the same.

The trial court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*