## 36697. CENTRAL OF GEORGIA RAILWAY COMPANY
### *v.* WILLIAMS *et al.*

DECIDED MAY 21, 1957—REHEARING DENIED JUNE 7, 1957.

*Price, Spivey & Carlton,* for plaintiff in error.

*Cohen Anderson,* contra.

QUILLIAN, J.  The defendant insists that the demurrer should have been sustained because the petition shows that the deceased did not exercise ordinary care for his own safety by using his sense of sight and hearing to determine if it was safe to cross the railroad tracks.

While it is true the deceased may have been negligent in placing himself in the path of the train, this act alone would not debar the plaintiffs of a recovery.  The petition alleged that the "engineer saw that the deceased gave no indication that he was aware of the approach of said engine and cars, said engineer failed to apply the brake or take any steps to reduce the speed or stop the engine and cars."  Under the doctrine of the last clear chance the petition set forth a cause of action.  "The doctrine of last clear chance means that even though a person's own acts may have placed him in a position of peril, yet if another acts or omits to act with knowledge of the peril, and an injury results, the injured person is entitled to recover."  38 Am. Jur. 904, § 218.

The trial judge did not err in overruling the general demurrer to the petition.  *Lovett* v. *Sandersville R. Co.,* 72 *Ga. App.* 692 (34 S. E. 2d 664).

*Judgment affirmed.  Felton, C.J., and Nichols, J., concur.*