39059.   AMERICAN IRON & METAL COMPANY v.
NATIONAL CYLINDER GAS COMPANY.

DECIDED JANUARY 31, 1962—REHEARING DENIED
FEBRUARY 16, 1962 AND MARCH 5, 1962.

Carpenter, Karp & Matthews, A. Tate Conyers, for plaintiff in error.

A. Mims Wilkinson, Jr., contra.

FRANKUM, Judge. The defendant has abandoned the general grounds of its motion for a new trial. Therefore, the sole question to be determined is whether the single special ground of the motion is meritorious.

The defendant contends that the trial court erred in failing to charge, in absence of a written request, the following: "Gentlemen of the jury, I charge you that under the law where parties enter into a contract where the parties by agreement or by conduct and acquiescence depart from the terms of that contract and pay or receive benefits under such departure, with knowledge of such departure that a new agreement is made in lieu of the original agreement and neither party can recover for any breach of or departure from the contract as originally entered into by them."

The defendant's main plea was that it had not made or ratified the alleged written contract, but that all the business it did with the plaintiff was under an oral agreement under which it was understood between the parties that it would not be liable for demurrage. The defendant did not plead an abrogation or rescission of the alleged written contract. The contents of what the defendant contends the court should have charged the jury without a request shows that the defendant was relying upon, as its secondary defense, the law embodied in *Code* § 20-116.

Even if we assume that the principle of departure from any of the terms of the contract is applicable, it is clear that, under the evidence of this case, all the elements of departure embodied in *Code* § 20-116 would be involved and not just a portion of *Code* § 20-116.

A special ground of a motion for a new trial which assigns as error the failure of the trial court to charge an applicable

principle of law raised by the pleadings and evidence as an issue in the case must cover every essential element of the principle of law which the movant contends should have been charged before it is meritorious. *Lovett v. Sandersville R. Co.*, 72 Ga. App. 692 (34 SE2d 664); *Tietjen v. Dobson,* 170 Ga. 123 (152 SE 222, 69 ALR 1408).

In *Lovett v. Sandersville R. Co.*, 72 Ga. App. 692 (3), 699, supra, the court, in ruling on an assignment of error because the court failed to charge a certain principle of law without a written request, said: "The assignment of error the ground of which is that the court erred in failing to charge the jury without request on the doctrine of 'last clear chance' is without merit, for the reason that the assignment of error *incorrectly defines the doctrine.*" (Emphasis added). The court stated in the decision wherein the assignment of error incorrectly defined the principle of law applicable to that case.

The Supreme Court in *Tietjen v. Dobson,* 170 Ga. 123, supra, in ruling upon an assignment of error on failure of the court to charge a principle of law without a written request, held: "The eighth ground of the motion complains of a failure of the court to charge without request. The language employed in this ground does not accurately state a correct principle of law applicable to the case, and there was no error in overruling this ground."

In this case a charge in the language which movant contends the trial court should have charged would have been erroneous. It would have been tantamount to instructing the jury that if they should find the parties departed from the terms of the contract, there can be no recovery for any breach of the contract. This is not the import of *Code* § 20-116, which provides: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement."

Thus, when parties to a contract by a course of conduct in carrying out the contract depart from the strict terms thereof,

one party cannot hold the other party to the strict terms of the agreement until reasonable notice of such intent has been given. *Prothro v. Walker,* 202 Ga. 71 (42 SE2d 114).

Consequently, a departure differs from a novation or abrogation of the contract, in that, under a novation or abrogation, there can be no return to the original terms of the contract. See *Hennessy v. Woodruff,* 210 Ga. 742 (1) (82 SE2d 859).

It is clear that, "where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. . ." *Code* § 20-116. We think it is equally clear that, in the event of such departure, one of the parties to the contract may, upon giving reasonable notice to the other of an intention to return to and pursue the letter of the agreement, insist upon any rights accruing to him under the original agreement after such notice has been given.

If we assume there was sufficient evidence to authorize a charge upon the principles of departure under *Code* § 20-116, the evidence was such as would have required a charge upon all the principles of law embodied in *Code* § 20-116. In the instant case, movant's special ground, which sets forth the language movant contends the judge should have charged, omits the provision of the statute relative to notice of intention to return to and rely upon the letter of the contract. Whereas, if the question of departure was involved, the question of notice to return to and rely on the letter of the contract was also involved. The ground is not meritorious. *Lovett v. Sandersville R. Co.,* 72 Ga. App. 692, supra; *Tietjen v. Dobson,* 170 Ga. 123 (8), supra.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*