### 39613.   POWELL v. THE STATE.

FRANKUM, Judge. The defendant was convicted of forgery. His motion for new trial, as amended, was overruled. He excepted. *Held:*

1. Defendant, by special ground 1 of his motion for new trial, contends that the court erred in allowing certain testimony to remain in evidence over his objection that the testimony was a conclusion. This is the only objection to the testimony. This court held in *West Lumber Co. v. Schnuck,* 85 Ga. App. 385, 388 (4) (69 SE2d 577) : "Ground 5 assigns error on the admission of certain evidence over the objection that the question called for a conclusion. This objection is so vague and general that it was not error for the court to overrule it and admit the testimony. *Harris v. State,* 69 Ga. App. 872 (27 SE2d 51)." To the same effect see *Bernd Co. v. Rahn,* 94 Ga. App. 713 (96 SE2d 185) ; *Slater v. Russell,* 100 Ga. App. 563 (112 SE2d 178). Accordingly, special ground 1 of the motion is without merit.

2. In special ground 2 of his motion the defendant contends.

that the court erred in requiring a witness to answer certain questions. The ground itself shows that there was no objection to the questions propounded to the witness, nor any motion made to rule out the testimony. "An assignment of error on admission of evidence, which fails to state that it was admitted over objection urged before the court, and the specific grounds of objection that were then stated to the court, does not present any question for decision." *Justice v. Warner,* 178 Ga. 579 (4) (173 SE 703). See *Williams v. State,* 186 Ga. 251 (197 SE 838). See also *Pulliam v. State,* 196 Ga. 782 (6, 7) (28 SE2d 139); *Childs v. Ponder,* 117 Ga. 553 (43 SE 986); *Daniel v. Etheredge,* 198 Ga. 191 (5) (31 SE2d 181). This ground is without merit.

3. Special ground 3 complains that the court erred in failing to charge, without a written request, as follows: "An intent to defraud is an essential ingredient in the offense of uttering and publishing a forgery, and the court in this case having omitted to properly instruct the jury that in order to constitute the offense, the intent to defraud must be shown." Since it is obvious that the above quoted language was not proper as an instruction to the jury, the court did not err in overruling this ground of the motion. *American Iron &c. Co. v. National Cylinder Gas Co.,* 105 Ga. App. 458 (125 SE2d 106), and cases therein cited.

4. The court did not err in overruling any of the other special grounds of the motion for any reason assigned. The evidence authorized the verdict finding the defendant guilty.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED OCTOBER 8, 1962.

*Joe W. Rowland, B. B. Hayes,* for plaintiff in error.
*W. W. Larsen, Jr., Solicitor General,* contra.

