A97A2586. FATHER & SON MOVING & STORAGE COMPANY OF GEORGIA, INC. v. PEACHTREE AIRPORT PARK JOINT VENTURE.
(495 SE2d 87)

MCMURRAY, Presiding Judge.

This is a dispossessory proceeding concerning office and warehouse space leased by plaintiff Peachtree Airport Park Joint Venture to defendant Father & Son Moving & Storage Company of Georgia, Inc. The lease of the premises signed by both parties includes a provision that "[t]enant shall have no pets or animals in premises without prior written consent of Landlord. . . ." In fact, defendant kept a dog in the premises, locked in the warehouse area, for security purposes. On December 4, 1996, plaintiff's agent mailed to defendant a letter noting the above lease provision and demanding the removal of the dog. When it was clear that the dog remained on the premises beyond the 30-day default cure period provided under another provision of the lease, plaintiff's agent elected to terminate defendant's lease and defendant was notified by a letter from plaintiff's attorneys sent on January 13, 1997. Defendant refused to surrender possession of the premises and the present action was initiated. Defendant appeals from the state court order granting plaintiff's motion for summary judgment and ordering the issuance of a writ of possession. *Held*:

Relying upon evidence that plaintiff, through its agent, verbally gave permission for the dog to be on the premises and had knowledge of the presence of the dog for a period of time without expressing any objection, defendant maintains that the parties mutually departed from the contract provision prohibiting pets in the premises. However, "OCGA § 13-4-4 specifically provides that the effect of a quasi-new agreement resulting from a mutual departure from the terms of a contract is not to extinguish the original contract altogether but merely to suspend those terms departed from until 'reasonable notice (is) given . . . of intention to rely on the exact terms of the agreement.' See *American Iron &c. Co. v. Nat. Cylinder Gas Co.*, 105 Ga. App. 458, 462 (125 SE2d 106) (1962)." *Ga. Income Property Corp. v. Murphy*, 182 Ga. App. 101, 103 (1), 104 (354 SE2d 859). Plaintiff having clearly given reasonable notice of its intent to rely on the exact terms of the written lease via the letter of December 4, 1996, even if there was a mutual departure from the pet clause of the lease, it provides no defense to the present action.

Defendant also argues that evidence that another tenant had a

dog on the premises suggests a waiver of plaintiff's ability to enforce the pet clause. However, no citation of authority or argument is provided in support of this proposition and we are aware of none. The state court did not err in granting plaintiff's motion for summary judgment and in ordering the issuance of a writ of possession.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED DECEMBER 5, 1997 —
RECONSIDERATION DENIED DECEMBER 16, 1997.

*McKenney & Froelich, David M. Kupsky*, for appellant.
*Wiles & Wiles, Noel J. Cotney, Jr.*, for appellee.