## 11810. HALL v. GRANT et al.

A petition which alleged a contract of purchase containing a provision that time should be of the essence thereof, and alleged a part payment of the purchase money in cash and the execution of a promissory note for the balance, a tender of payment of the note and a refusal by the defendants to accept payment, a failure and refusal of the defendants to deliver to the plaintiff the personalty bought, and consequent damage to plaintiff, set forth a cause of action as against a general demurrer.

DECIDED MARCH 26, 1921.

Complaint; from city court of Albany — Clayton Jones. August 10, 1920.

The petition alleged that the plaintiff traded with the defendants, a partnership, on or about March 15, 1920, for a described truck, giving in payment a second-hand truck and his note for the difference between the price of the new and the old truck, the defendants contracting to deliver the new truck to plaintiff on or about April 15, 1920; that the plaintiff tendered to the defendants the sum due on the promissory note and that the defendants refused to accept the same and refused to deliver the new truck to the plaintiff in accordance with the terms of the trade. The suit was for damages because of this action on the part of the defendants. The petition was amended so as to allege that the defendants still retained the second-hand truck mentioned and the note, and had never tendered or offered to return them to the plaintiff, and that a tender of payment of the note was made by the plaintiff to one of the members of the partnership on April 22, 1920, and that payment was refused, the said member stating that he did not have a truck at that time to deliver, but would deliver one later, and then the note could be paid. The defendants demurred generally and specially to the petition, and on the hearing of the demurrer tendered, without objection, the contract signed by the plaintiff on March 15, 1920, for the new truck, in which it was stated that the plaintiff had that day received the new truck traded for, describing it, and that a portion of the purchase-price was paid in cash and the remainder would become due on April 15th following, and which contained, among other provisions, a provision that the title to said new truck should remain in the defendants until payment of the note; time being of the essence of the contract. The trial judge sustained the general demurrer and dismissed the petition.

*Milner & Farkas,* for plaintiff.

*Lippitt & Burt,* for defendants.

HILL, J. (After stating the foregoing facts.) It is a well-settled rule of law that for every breach of a contract the wrongdoer must respond to the injured party in damages to the extent and in satisfaction of the injury received. " In statutes or other legal instruments giving compensation for ' damages,' the

word always refers to some actionable wrong—some loss, injury, or harm which results from the unlawful act, omission, or. negligence of another." *Austin* v. *Augusta Terminal Ry. Co.,* 108 *Ga.* 674 (34 S. E. 853, 47 L. R. A. 755). Where the undertakings of the parties to a contract are concurrent, and one is ready and willing and offers to perform, and other will not, the first is discharged from the performance of his part, and may maintain an action against the other. *Biggers* v. *Pace,* 5 *Ga.* 175 (2). "For failure of the seller to deliver, the buyer's form of remedy is an action for breach of contract for non-delivery. . . In general, the allegations, in an ordinary case for non-delivery, are the making of the contract whereby the defendant sold, or agreed to sell and deliver, to the plaintiff certain goods, to be delivered (at a certain place and time) for the payment of a certain price; that plaintiff duly performed, or was and is ready to perform, his part of the contract; that defendant did not deliver the goods, and that plaintiff has been damaged thereby." 23 Standard Ency. Proc. 289.

A reading of the contract in question discloses that under its terms an immediate delivery of the new truck was contemplated upon its being signed. But the petition alleged that no delivery of such truck had ever been made. The inclusion of the provision that time should be of the essence of the contract was evidently based upon the proposition of immediate delivery of the property therein described upon the signing thereof. The petition, as amended, admits that the note was not paid on the date when due, but alleges that shortly thereafter the plaintiff tendered payment of the note to the defendants, and that the defendants declined acceptance of payment at that time, "stating that they did not have a truck at that time to deliver, but would deliver one later and then the note could be paid." We are of the opinion that this is an allegation of waiver on the part of the defendants of the provision in the contract that time should be of the essence of the contract. The petition alleged that the plaintiff had tendered to the defendants the sum due on the note and the defendants refused to accept the same. We are of the opinion that the petition as amended set forth a cause of action

36

as against the general demurrer, and that the trial judge erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*