21705. ATLANTIC COAST LINE RAILROAD COMPANY *v.* McLEMORE *et al.*

DECIDED APRIL 29, 1932. REHEARING DENIED JUNE 14, 1932.

*Alston, Alston, Foster & Moise, W. H. Sibley,* for plaintiff in error.

*J. K. Jordan,* contra.

LUKE, J. McLemore and Parker, a partnership, obtained a verdict and judgment against the Atlantic Coast Line Railroad Company for damages in the sum of $1009.80, resulting from the alleged negligence of the railroad company in the transportation of a car-load of hogs from Iron City to Atlanta. A general and special demurrer to the petition was overruled, and exceptions pendente lite were taken. A motion for a new trial was overruled, and exceptions were taken.

Briefly, the evidence showed that 208 hogs were loaded in a double-decked stock-car, with approximately an equal number in each of the decks, at Iron City; that the hogs were rested, fed, and watered immediately before having been placed in the car, and that the loading was completed about nine o'clock, p. m., on September 14, 1927; that the entire number of hogs that had been assembled for the shipment were not placed in the car; that the weather was quite warm; that the hogs had room enough to permit them to walk about in the car; that the shipment was moved without delay via Thomasville, and arrived in Albany about noon on the following day; that the car was offered to the Central of Georgia Railway about 2 o'clock, p. m., but refused because of the fact that five of the hogs had died from overheating and suffocation; that, although the railroad company has no facilities for unloading a double-decked car at the Albany yards, the car in question was moved to the stock-pens, the dead hogs and one exhausted hog were removed from the upper deck, and the car (and perhaps the hogs) sprinkled with water by means of a hose; that the shipment was delivered to the Central Railway at about 5:30 the same afternoon; that on arrival at Macon that night forty more of the hogs were dead, and all the others suffering from the heat; that the hogs were unloaded in the

Macon yards, where proper facilities for unloading were available, and were rested, fed, and watered, and the bedding in the car was dampened; and that the shipment was then completed to Atlanta without further casualties. While the defendant introduced some evidence tending to show that the damage to the shipment was due to overcrowding in extremely warm weather, there was evidence also tending to show that if the shipment had received proper attention upon arrival in Albany, the damage might have been avoided,—at least partially, if not entirely. The shipment was made subject to the uniform live-stock contract.

■ The exception pendente lite assigns error in the judgment of the trial court "in not sustaining the demurrers, general and special, on each and every ground therein set forth." However, the only ground of demurrer discussed in the brief of the plaintiff in error is "that the petition is duplicitous, attempting to set out a cause of action on the bill of lading (in contract) and on an action in tort for negligence." This assignment (which is the only one that need be considered in the circumstances) has no merit. The petition, both in form and substance, clearly rests the right to recover upon an alleged breach of contract.

■ It was not error for the court to overrule the motion for a new trial upon the general grounds. There was some evidence to warrant a conclusion by the jury that the defendant failed to discharge its legal duty under the terms of the contract of shipment upon the arrival of the car at Albany, and during the time of its detention at that point. Certainly such evidence, though slight, in addition to the fact that, under the Civil Code (1910), § 2713, the defendant, in order to avail itself of the benefit of an exception under the terms of the contract of shipment, must show that its own negligence did not contribute to the plaintiff's loss, was ample to sustain the verdict of the jury.

■ The first three special grounds of the motion for a new trial raise a question respecting the degree of care exacted by the statutes in the transportation of live stock by a common carrier, in view of certain provisions of the uniform live-stock contract. The plaintiff invokes the application of the statute that exacts extraordinary care (Civil Code of 1910, § 2712). The trial judge so charged the jury. Defendant claims that the duty imposed upon a common carrier does not apply in all cases, nor in the present case, and in-

sists that the contract between the shipper and carrier so limits the carrier's liability that no higher degree than that of ordinary care is required. However, we find nothing in the provisions of the contract governing the shipment that, in our opinion, in any way purports to modify the standard of care,—that is, extraordinary care, —demanded by the statute referred to. The words "except for its negligence," as used in the contract, must be taken to mean the negligence which is contemplated by the statute—failure to exercise extraordinary care. It was not error, therefore, to charge the jury in the wording of the statute, nor to refuse the requested instruction to the effect that the carrier was bound to exercise "reasonable and ordinary care," and not "extraordinary care."

■ Ground 7 of the motion for a new trial avers that the question of comparative negligence was present in the case, and contends that without request the trial court should have instructed the jury upon the law applicable thereto. Whether or not there was in the case a question of comparative negligence, such an issue was not introduced by anything in the pleadings. Hence, without a timely written request, the court was not called upon to instruct the jury upon that phase of the law. The failure so to instruct the jury was not error.

Nothing of which this court can take cognizance is urged in support of ground 8 of the motion for a new trial.

■ In our view, the case was one in which it was for the jury to decide whether or not the double-decked car was suitable for the purpose of the particular shipment; whether or not the car was overcrowded in view of the existing meteorological conditions; and whether or not the carrier exercised that degree of care imposed upon it under the law to the end that no loss or damage should be suffered by the shipper. None of the assignments of error can be sustained.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*