24673. McCRACKIN *et al.* v. McKINNEY.

520

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Bryan, Middlebrooks & Carter, Sloan & Welchel,* for plaintiffs in error.

*Wheeler & Kenyon,* contra.

JENKINS, P. J. 1. In this suit by the mother of a six-year old child, to recover for his death from being struck by an automobile kept by one of the defendants for the business and pleasure of such owner's family, and driven by the other defendant, an adult daughter, the verdict for the plaintiff was authorized under the conflicting evidence as to the driver's negligence, and the undisputed evidence as to the purpose and use of the automobile. The verdict was also authorized upon the questions as to whether the child exercised such due care as his mental and physical capacity fitted him for exercising in the actual circumstances of the occasion and situation, and as to the proximate cause of the homicide. See, as to the liability of a father keeping a car for the use of his family, for negligence by an adult son or daughter, *Hubert* v. *Harpe,* 181 *Ga.* 168 (183 S. E. 98); *Griffin* v. *Russell,* 144 *Ga.* 275 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994); *Kennedy* v. *Manis,* 46 *Ga. App.* 808 (169 S. E. 319); and as to the care required of a child, *Crawford* v. *So. Ry. Co.,* 106 *Ga.* 870 (2) (33 S. E. 826); *Smith* v. *Kleinberg,* 49 *Ga. App.* 194 (174 S. E. 731), and cit.; *Williams* v. *Jones,* 26 *Ga. App.* 559 (106 S. E. 616); *Eddleman* v. *Askew,* 50 *Ga. App.* 540 (179 S. E. 247).

2. The defendants in their answer not only denied the plaintiff's allegations, but pleaded that the negligence of the child in running from the sidewalk into the street in the path of their automobile, after becoming frightened by a dog, was the proximate and sole cause of the injury. Exception is taken to the charge of the court to the jury, that "when the defendants deny an allegation made by the plaintiff, the burden rests upon the plaintiff to establish the truth of such allegations as may be denied by the defendant; but where the defendants set up an affirmative defense, the burden rests upon the defendants to establish the truth of such affirmative defense by a preponderance of evidence." This case is analogous to *Stewart* v. *Mynatt,* 135 *Ga.* 637 (2), 638 (70 S. E. 325), where the Supreme Court held that it was not error to charge that "the burden is on the defendants to establish by a preponderance of

the testimony that the plaintiff is guilty of any negligence which caused her injuries;" and that "this is not a case where the plaintiff alleged certain acts of negligence on the part of the defendants, whereby the plaintiff was injured and damaged as specifically set forth, and where the defendants merely denied all of plaintiff's allegations in respect to the defendant's negligence and as to plaintiff's injuries, which would be in effect a plea of the general issue. In that kind of a case evidence in behalf of the defendant, which would equally balance the plaintiff's evidence, would be sufficient to defeat the action. In the case now before us the defendants not only denied all the material allegations in the plaintiff's petition, but set up an *affirmative defense* that the plaintiff's injuries, if any, were caused by her own negligence. Therefore, in accordance with the rule that 'The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proving of such fact is essential' (Code of 1910, § 5746 [Code of 1933, § 38-103]), the burden rested upon the defendants, *after the plaintiff had made out a prima facie case,* to show by a preponderance of the evidence, in order to sustain their plea, that the plaintiff's injuries were caused by her own negligence. When the plaintiff submitted evidence of the negligence of the defendants, as alleged in her petition, and that her injuries as set forth were caused thereby, and such evidence was sufficient to take the case to the jury, then she made out a prima facie case, and was not bound to go further and show her own diligence. Whether or not by the exercise of ordinary care the plaintiff could have prevented the injuries was a matter of defense." (Italics ours.) The rule that the burden is on the defendant to establish his defense of contributory negligence on the part of the plaintiff, such as would bar a recovery, would not impose upon him such a duty in a case where the plaintiff himself had failed to make out a prima facie case, by failing to show negligence on the part of the defendant as alleged, or by himself showing his own contributory negligence. In a case such as that, the plaintiff would have failed, irrespective of any affirmative defense which the defendant might or might not have offered. But where, as here, the evidence is sufficient to raise an issue for the jury, and such an issue is in fact submitted to the jury upon the question of the defendant's negligence, then in order for the defendant to avail himself of the affirmative defense of

contributory negligence, it is incumbent upon him to prove it, and this is true even though he does not in his own pleadings confess his negligence as charged. *Williams* v. *Southern Ry. Co.*, 126 *Ga.* 710 (55 S. E. 948); *Western & Atlantic R. Co.* v. *Casteel*, 138 *Ga.* 579 (2), 580 (75 S. E. 609); *City Council of Augusta* v. *Hudson*, 88 *Ga.* 599 (3) (15 S. E. 678); *Great Cosmopolitan Shows* v. *Petty*, 7 *Ga. App.* 236 (66 S. E. 624); *O'Dowd* v. *Newnham*, 13 *Ga. App.* 220 (6), 232 (80 S. E. 36); *Jackson* v. *Merritt Hardware Co.*, 26 *Ga. App.* 747 (3-b) (107 S. E. 394); *Trammell* v. *Atlanta Coach Co.*, 51 *Ga. App.* 705, 713 (181 S. E. 315); *Pollard* v. *Gorman*, 52 *Ga. App.* 127 (182 S. E. 678). These general rules conform to those obtaining in the great majority of other jurisdictions. See notes in 33 L. R. A. (N. S.) 1085, 1158, et seq.; 45 C. J. 1115, 1117, and cit.; 20 R. C. L. 196, 197, and cit. The language of the charge being in conformity to the rule as stated by the Supreme Court in the *Stewart* case, supra, and a prima facie case having been shown and submitted to the jury, the exception taken to the instruction is without merit.

3. The judge charged the jury as follows: "The driver of the automobile is bound to use reasonable care to anticipate the presence on the streets of others having equal rights with himself to be there; and a pedestrian when lawfully using the public highways is not bound to be continually looking and listening to ascertain if automobiles are approaching, under the penalty that, if he fails to do so and is injured, he must be conclusively presumed to be negligent. All that is required of a pedestrian in the street, that is one walking in a street, is to exercise ordinary care and diligence for his own preservation and protection." Exception is taken to this as an incorrect statement of the law applicable to an automobile driver and a pedestrian, for the reason that each has an equal right to the use of a public highway; and as giving to the plaintiff's child "a superior right to the use of the highway." In *Quick Tire Service Inc.* v. *Ball*, 34 *Ga. App.* 122 (128 S. E. 205), a charge expressed in similar language, but using the words, "presumed to be negligent," instead of "*conclusively* presumed to be negligent," was held not subject to an exception that it "amounted to an expression of opinion that the failure of a pedestrian to be continually looking and listening . . would not constitute negligence." The court further expressed the view that although the instruction "is

a correct statement of the law," being taken from the decision in *O'Dowd* v. *Newnham,* supra, "it might possibly be calculated to mislead the jury into believing that the plaintiff could not, under such circumstances, be found to be negligent as a matter of fact." It was said, however, that this was "a question not presented for decision," and that the quoted observations were made "merely in order to prevent any misapprehension that we approve the excerpt as correct." While it is often true, as of the instant instruction, that a quotation from an appellate court decision may be entirely correct as an abstract statement of a rule of law, yet it may be couched in language not well adapted to jury instruction. However, the giving of the charge in question did not constitute any prejudicial error. *Huckabee* v. *Grace,* 48 *Ga. App.* 621 (11) (173 S. E. 744). The criticism made in the *Quick Tire Service* case, to the effect that the charge there given as taken from the *O'Dowd* case might "possibly be calculated to mislead the jury into believing that the plaintiff *could not,* under such circumstances, *be found to be negligent* as a matter of fact" (italics ours), is not applicable to the instant case, where the charge merely stated that such failure on the part of the plaintiff does not require it to be "*conclusively* presumed to be negligent," thereby clearly indicating the true rule, as stated in the *Quick Tire Service* case, that the question of negligence was one to be determined by the jury.

4. The following charge was given: "The plaintiff in this case alleges that she is the mother of [the deceased child], and that [the child] was killed as a result of being struck by an automobile driven by the defendant [daughter of the owner]. She further contends that she was dependent upon [the child] and that he contributed to her support. To be entitled to recover, she must establish the truth of these contentions by a preponderance of the evidence." This instruction was not subject to the exception that it allowed the jury to find in favor of the plaintiff if they believed from a preponderance of the evidence merely that she was the mother of the child, that the child was killed by being struck by the automobile, and that she was dependent on the child and he contributed to her support, without regard to the other allegations of the petition and the contentions of the defendants as to the negligence or freedom from negligence of the driver of the car, as to whether the child exercised due care, and as to whether his death resulted from a

mere accident unmixed with any negligence or from an intervening cause. The court can not be required to carry forward, like a rolling, growing snowball, each and every rule of law previously stated in connection with each new and additional rule presented. It is only when the lack of a qualifying proviso renders the additional statement inherently erroneous, or subject to reasonable misinterpretation injurious to a litigant, that the instruction should be deemed reversible error. Immediately preceding the quoted excerpt, the judge charged that the law required the plaintiff "to prove by a preponderance of the evidence that the driver of this automobile was guilty of ordinary neglect, and that this neglect was the proximate cause of the death of her child;" and that, "if she establishes the truth of her case to that extent, she would be entitled to recover, unless prevented from so doing by some other rule of law given you in charge." Previously, after charging the essential averments in the pleadings of the parties, the court charged that "the burden is on the plaintiff in this case to prove the material allegations contained in her petition by preponderance of the evidence," and that "if she fails to establish the truth of her contentions in this degree, then that would end your investigation and you would return a verdict for the defendants." It was also charged that "the right of plaintiff depends upon the wrongfulness of the killing; and if the killing occurred under such circumstances that the defendants were not negligent and committed no wrong, then the plaintiff could not recover;" and further, that "if the plaintiff recovers at all, she must do so because the defendants were negligent in some one or more ways alleged in her petition," and that it should be made to appear that "the defendants were negligent in some one or more ways alleged in the petition, provided that negligence was the proximate cause of the injury to and the death of the plaintiff's son." The law as to contributory negligence by the child was also fully given.

5. Where the plaintiff in the petition seeks to recover the full amount of damage from alleged negligence by the defendant, and the defendant does not plead the defense of comparative negligence, it is not error, in the absence of timely written request, for the court to fail to instruct the jury on the doctrine of comparative negligence, even though such a charge might be proper under the evidence. *Georgia Power Co.* v. *Holmes,* 175 *Ga.* 487, 490 (165

S. E. 284) ; *Rogers* v. *McKinley*, 48 *Ga. App.* 262, 265 (172 S. E. 662) ; *Atlantic Coast Line R. Co.* v. *McLemore*, 45 *Ga. App* 154 (±) (164 S. E. 464).

6. Another ground presents the contention that the court erred in failing to instruct the jury "upon a vital and correct principle of law raised by the pleadings and the evidence in the case, to wit, upon the theory of an independent intervening cause of the death of plaintiff's son;" that an issue raised by the pleadings was that "the act of a dog, suddenly attacking plaintiff's minor son," caused him "to run from the sidewalk out into the street backwards into the path of and against the automobile driven by the defendant;" that the court nowhere instructed the jury that "if they should believe that the death of the plaintiff's minor son was produced by an independent agency, to wit, the dog's conduct, and that such was the sole and proximate cause of the injury to and death of plaintiff's child, there could be no recovery;" and that "it was error for the court to fail to instruct the jury on the definition of proximate cause." It does not appear that there was any written request for these instructions. The answer of the defendants alleged that the child, while playing on the sidewalk, was "attacked or threatened by a dog;" that he "became greatly frightened for fear that he would be bitten by the dog, and suddenly, and without looking or any warning whatsoever, darted off the edge of the sidewalk directly into the path of the automobile which was being driven" by one of the defendants; that the children with whom the deceased was playing "gave no indication of having been playing in the street, nor had they been;" that the defendant driver "was driving carefully, and used all due diligence and caution in traveling upon said street; and that if the child was fatally injured, the said child's actions and negligence in running into the street and in the path of the automobile and into the automobile was the proximate cause of his injury." The action of the dog being nowhere pleaded as an independent intervening cause or agency, but solely as collateral to or illustrative of the only two issues raised by the answer, the absence of negligence by the defendant driver and contributory negligence by the child's own actions, the exception to the failure to charge with regard to an independent intervening cause is without merit. While it was the duty of the court, even without request, to give appropriate instructions on every substantial and controlling

526

issue raised by the pleadings and the evidence, as was done, it was not error, in the absence of timely written request, to fail to charge as contended with reference to matters merely collateral or illustrative of the main issues. *Smith* v. *Page, 72 Ga.* 539; *City of Atlanta* v. *Alexander, 80 Ga.* 637 (6 S. E. 25); *Watts* v. *State, 120 Ga.* 496 (48 S. E. 142); *Patterson* v. *State, 134 Ga.* 264 (3), 267 (67 S. E. 816); *Branch* v. *Bishop, 135 Ga.* 110 (68 S. E. 1021); *Beck & Gregg Hardware Co.* v. *Lyndon, 9 Ga. App.* 487 (71 S. E. 763). Nor did the court err, without a request therefor, in failing to define the meaning of the term "proximate cause." See *Pickens* v. *State, 132 Ga.* 46 (63 S. E. 783), and cit.; *Atlantic Coast Line R. Co.* v. *Jones, 132 Ga.* 189 (13) (63 S. E. 834); *Pusser* v. *Thomson, 132 Ga.* 280, 288 (64 S. E. 75, 22 L. R. A. (N. S.) 571).

All of the grounds of alleged error being without merit, the court did not err in refusing a new trial to the defendants.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*