40754, 40755. TAYLOR v. ASSOCIATED CAB COMPANY, INC. et al.; and vice versa.

Decided November 10, 1964.

*George B. Hooks,* for plaintiff in error.

*Woodruff, Savell, Lane & Williams, Edward L. Savell,* contra.

FELTON, Chief Judge. ■ We shall consider the main bill of exceptions first. Special ground 2 contends that the court erred in giving the following charge to the jury: "The plaintiff, however, in order to recover against a defendant is not required to prove every allegation of negligence charged against such defendant. If the plaintiff proves by the evidence that a defendant committed one or more of such allegations of negligence this would be sufficient insofar as proof of negligence is concerned." It is argued that this charge was tantamount to an instruction that a recovery for the plaintiff would be authorized if he proved one or more allegations of negligence without first deciding whether or not such allegation or allegations were negligence in fact. In *Dowis v. McCurdy,* 109 Ga. App. 488, 491 (136 SE2d 389), this court held that an instruction that proof of any of the allegations of negligence "would be sufficient in so far as the proof of negligence is concerned" was not so misleading or confusing to the jury in that case as to justify the granting of a new trial, although it would have been more easily understood by adding the words *in the way and manner therein alleged.* In the case at bar, as in the *Dowis* case, the court clearly instructed the jury as to both ordinary negligence and negligence per se, defined negligence in the case as the failure to exercise ordinary diligence, and stated that it was a question for the jury to deter-

mine whether or not the defendants were negligent, and whether the negligence, if any, was the proximate cause in whole or in part of the injury and damage to the plaintiff. The charge as a whole authorized no recovery for the plaintiff until after a determination by the jury that the defendants, or one of them, were or was in fact negligent in at least one of the ways charged in the particular specification of negligence. See also *Mayor &c. of Gainesville v. Hanes*, 22 Ga. App. 589, 591 (1) (96 SE 349). The court erred in granting a new trial on special ground 2.

Special ground 10 complains that the $18,000 verdict for the plaintiff was so excessive as to show mistake, prejudice, or bias on the part of the jury. "The trial judge has the discretion of granting a new trial on the ground that the verdict is excessive, when his mind and conscience disapprove the verdict as rendered, though the verdict is not so large in amount as to carry conviction of bias and prejudice on the part of the jury, and though the case is one in which the only measure of damages is the enlightened conscience of the jury." *Smith v. Maddox-Rucker Banking Co.*, 8 Ga. App. 288 (1) (68 SE 1092), certified to and approved by the Supreme Court in 135 Ga. 151 (68 SE 1031) ; *Duffield v. Tobin*, 20 Ga. 428; *Savannah, Fla. & Western R. v. Harper*, 70 Ga. 119, 120 (2). The evidence showed that the plaintiff's medical witness examined him on only one occasion and that was approximately seven months after the accident; that the plaintiff had seen two other doctors within a short time after the accident, one having treated him 12 to 14 times and the other 15 to 18 times, neither of which was called as a witness; that X-rays of the plaintiff taken shortly after the accident showed degenerative changes in the lower spine which predated the accident and showed a crowding of the nerve root which predated the accident; that the plaintiff's medical witness did not think that his complaints were related to the bump on the head he sustained; that symptoms from strains of this kind usually cleared up in 3 to 6 months; that in the doctor's opinion the plaintiff was suffering only "moderate discomfort" and he did not even tell the plaintiff to return for further examination or treatment. The above evidence was sufficient to justify the judge in granting a new trial on the basis of the

excessiveness of the verdict; therefore his discretion was not abused and his judgment will not be reversed. The rule is different where a motion for a new trial is overruled. The court did not err in granting the motion for a new trial based on special ground 10.

■ Since our affirmance on the main bill of exceptions in Division 1, above, requires a new trial and the matters in the cross bill of exceptions will likely arise on that trial, we must now consider the cross bill.

Special grounds 1, 3, 4 and 5 assign error on portions of the charge which, it is contended, led the jury to think that the allegations of negligence were in fact acts of negligence, whereas it was a jury question as to whether they did or did not amount to negligence. As was pointed out in our ruling on special ground 2, in Division 1, above, the court clearly instructed the jury as to what amounted to negligence, both ordinary and per se, then charged that "with the definitions of negligence and negligence per se and the other principles of law which the court gives you *it becomes a question of fact for you to determine whether or not either or both of these defendants were negligent* as charged in either or all of the allegations of negligence charged against each defendant respectively and which the court instructed you to consider." Under this instruction a finding that either or both of the defendants were negligent would have been impossible without having first determined whether the negligence charged amounted to either ordinary negligence or negligence per se, as defined by the court. The court did not err in overruling special grounds 1, 3, 4 and 5.

Special grounds 6 and 11 are not argued and are therefore deemed waived.

Special grounds 7, 8 and 9 assign error on the admission in evidence, over objections, of bills from two doctors who did not testify or identify them and of purported drug and medicine bills which were not identified by the person who prepared them. No adequate foundation was laid for the admission of these exhibits, which amount to hearsay evidence. Although the plaintiff was treated by the two doctors within a few months after the accident, neither of them was called to testify or to

identify the exhibits as representing reasonable and necessary charges and expenses arising out of the particular alleged injury sued for. Instead, the plaintiff chose to rely merely on his own testimony that they were what they purported to be. The failure of the plaintiff to call one or both of these doctors, without showing why they could not be produced, raises a presumption that their testimony would have been unfavorable to the plaintiff, which presumption was strengthened by the testimony of the plaintiff's sole medical witness which raised the issue of a pre-existing back injury. *Code* § 38-119; *Trammell v. Williams,* 97 Ga. App. 31 (1) (101 SE2d 887) and cases cited on p. 34. The court erred in overruling special grounds 7, 8 and 9.

*Judgments affirmed in part and reversed in part on the main bill and the cross bill. Frankum and Pannell, JJ., concur.*