41008. GARNER, By Next Friend v. SHARP et al.

JORDAN, Judge. This was a suit to recover damages for personal injuries sustained by the plaintiff when his automobile struck the rear of a tractor being operated by one of the defendants on a public road in Gwinnett County. The jury returned a verdict for the defendants and the exception is to the denial of the plaintiff's amended motion for new trial. *Held:*

■ There being some evidence to show that the tractor with which the plaintiff's automobile collided was on the road and was in motion and proceeding in the same direction as the plaintiff, it was not error, as contended in special ground 1 for the trial court to charge the law relating to vehicles overtaking and passing vehicles proceeding in the same direction. *Akin v. Randolph Motors, Inc.*, 95 Ga. App. 841 (2) (99 SE2d 358). Under the evidence in this case it was for the jury to determine whether or not the defendants' vehicle had

been on the roadway a sufficient length of time for these provisions of *Code Ann.* § 68-1635 to be applicable, and it was proper for the court to submit them for the jury's consideration.

■ Special ground 2 which assigns error on an excerpt from the charge, not on the ground that the charge given was incorrect, but on the ground that the court erred in failing to charge another principle of law in connection therewith, is without merit. "Exceptions cannot be taken to a charge that other and additional instructions are not given the jury. The exceptions should not be to the charge, but to the failure to charge." *Hardwick v. Georgia Power Co.,* 100 Ga. App. 38 (4) (110 SE2d 24). "It is not a good assignment of error on a portion of the judge's charge, which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given." *Lumpkin v. State,* 152 Ga. 229 (3) (109 SE 664). The charge given stated a correct, complete and applicable principle of law and that which it is contended should have been charged in immediate connection therewith was properly covered elsewhere in the charge. *Americus, Preston &c. R. Co. v. Luckie,* 87 Ga. 6 (13 SE 105).

■ While it is proper in a negligence action, where the plaintiff has made out a prima facie case, for the court to charge the jury that the burden is on the defendant to establish by a preponderance of the evidence that the plaintiff's injuries were caused by his own negligence or contributory negligence if the defendant relies on such defense, *Stewart v. Mynatt,* 135 Ga. 637 (2) (70 SE 325), *McCrackin v. McKinney,* 52 Ga. App. 519 (183 SE 831), it is not incumbent upon the court to so charge in the absence of a timely written request. *Jackson v. Merritt Hdw. Co.,* 26 Ga. App. 747 (3b) (107 SE 394); *Askew v. Amos,* 147 Ga. 613 (5) (95 SE 5). Special ground 3 which complains of the failure of the trial court to so charge without request is without merit.

■ "Though it is better for him not to do so, it is not usually cause for a new trial that the judge gives in charge to the jury an entire statutory or Code provision, a part of which is applicable and a part inapplicable to the case under consideration." *Thompson v. Mitchell,* 192 Ga. 750 (2) (16 SE2d 540); *Hall v. Burpee,* 176 Ga. 270 (168 SE 39); *Collins v. Porterfield,* 102 Ga. App. 294 (2b) (116 SE2d 105). No cause for reversal of this case is shown by special ground 4

which assigned error on an excerpt which embodied the provisions of *Code Ann.* § 68-1626 (a, c) on the ground that a part of the charged provisions were inapplicable to this case. *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154 (1) (121 SE2d 388).

■ The question of the plaintiff's negligence was raised both by the pleadings and evidence and the trial court in the excerpt from the charge complained of in special ground 5 properly and fairly charged on this issue. Such charge did not amount to an expression of the court's opinion as to what had been proved by the defendants with respect to the negligence charged against the plaintiff, nor was it argumentative and confusing and misleading to the jury as contended in this ground which is without merit.

■ The general grounds are without merit.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED JANUARY 6, 1965—REHEARING DENIED JANUARY 25, 1965.

■

*Webb & Fowler, W. Howard Fowler, Wheeler, Robinson & Thompson, Emory F. Robinson, B. Carl Buice,* for plaintiff in error.

*Peek, Whaley & Blackburn, J. Corbett Peek, Jr., Glenville Haldi, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas E. Joiner, Barry Phillips,* contra.