74050, 74051. MEACHAM v. BARBER et al. (two cases).
(359 SE2d 424)

CARLEY, Judge.

Mark Meacham is the appellant-plaintiff in Case Number 74050. He lost control of his vehicle while negotiating a curve in a two-lane highway. At the time of this occurrence, appellee-defendants were engaged in cutting pulpwood on property which was adjacent to one side of the highway and, according to the allegations of the complaint that Mr. Meacham filed against appellees, those pulpwooding activities had resulted in an accumulation of mud on the surface of the highway. Mr. Meacham's complaint further alleged that the loss of control over his vehicle and his resulting injuries were proximately caused by appellees' negligence in allowing this slippery condition to develop and to remain on the highway. See generally *Hardy v. Brooks*, 103 Ga. App. 124, 126 (2) (118 SE2d 492) (1961). Mr. Meacham's wife is the appellant-plaintiff in Case Number 74051. She filed her separate action against appellees, seeking damages for loss of consortium. The two actions were consolidated for a single trial before a jury. The jury returned verdicts in favor of appellees. Appellants Mr. and Mrs. Meacham filed separate notices of appeal, but identical enumerations of error. Accordingly, the two appeals are hereby consolidated for appellate disposition in this single opinion.

1. Over objection, appellees were allowed to cross-examine Mr. Meacham with regard to his involvement in three prior traffic mishaps. The trial court's failure to sustain the objection to this line of inquiry is enumerated as error.

"As a general rule in all negligence actions, evidence of similar acts or omissions is not admissible. [Cits.] However, '[i]f proof of a similar accident or similar method of acting tends to prove some fact of the case on trial, the [evidence then] falls within an exception'" to the general rule and will be admissible as proof of that presently rele-

vant fact. *Gunthorpe v. Daniels*, 150 Ga. App. 113 (1) (257 SE2d 199) (1979). In urging the applicability of this limited evidentiary exception to the general rule of inadmissibility of prior events, it is necessary to show more than the mere previous occurrence of a similar incident. " '[I]t is necessary that the conditions of the things [to be] compared be substantially similar.' [Cit.]" *Carlton Co. v. Poss*, 124 Ga. App. 154, 155 (3) (183 SE2d 231) (1971), aff'd 228 Ga. 402 (185 SE2d 803) (1971). Appellees initially urge that Mr. Meacham's prior involvement in all three of the traffic mishaps was relevant for the limited purpose of showing that his injuries may have been attributable to those prior unrelated occurrences rather than to their alleged negligence. See generally *Goforth v. Wigley*, 178 Ga. App. 558, 560 (2) (343 SE2d 788) (1986). However, insofar as appellees would urge the relevancy of a comparison of injuries, it would be necessary to show the existence of a substantial similarity between Mr. Meacham's purported present injuries and any prior injuries with which the comparison is to be made. See *Carlton Co. v. Poss*, supra. Appellees did not adduce any evidence that Mr. Meacham had been physically injured in any of his three prior traffic mishaps. Compare *Barnes v. Cornett*, 134 Ga. App. 120 (213 SE2d 703) (1975); *Goforth v. Wigley*, supra. If there was no showing that Mr. Meacham had suffered any injuries whatsoever in his three prior traffic mishaps, there is no merit in appellees' contention that the evidence as to the occurrence of those prior mishaps would be relevant and admissible under the exception that they urge. There would be nothing from which the jury could find that Mr. Meacham's alleged present injuries were, either in whole or in part, the result of his involvement in those prior traffic mishaps.

Apparently, one of the three prior incidents had occurred when Mr. Meacham lost control of his vehicle while negotiating exactly the same curve in the highway where he had lost control of his vehicle on this occasion. Appellees further urge that evidence as to this single prior mishap would be relevant to the limited issue of whether the curve in the highway had been a causal factor in the events under present consideration. See generally *Reed v. Heffernan*, 171 Ga. App. 83, 84 (1a) (318 SE2d 700) (1984). In specific, appellees contend that this prior incident would support their contentions that the curve itself was dangerous and that Mr. Meacham had personal knowledge of that danger. See generally *Wright v. Dilbeck*, 122 Ga. App. 214, 216 (4) (176 SE2d 715) (1970).

Had appellees adduced any evidence that the curve in the highway had been a causal factor in the earlier event, there might be merit in the asserted relevancy of the occurrence of that event as proof of the existence of a dangerous condition and Mr. Meacham's knowledge thereof. See generally *City of Augusta v. Hafers*, 61 Ga. 48 (3) (1878); *Gilmer v. City of Atlanta*, 77 Ga. 688 (1) (1886); *City of*

*Dublin v. Howell,* 68 Ga. App. 463 (23 SE2d 177) (1942). However, the record is totally silent as to the cause of the earlier incident. That a driver lost control of his vehicle while traversing the curve in a highway is not, standing alone, evidence that the curve itself is dangerous and was a causal factor in the occurrence. On the record before us, that the cause of Mr. Meacham's prior traffic mishap was a potentially dangerous curve is merely speculative conjecture. It just as easily may have been the result of a mechanical failure, a tire blowout, or any number of causes in which the configuration of the highway itself played no part. Compare *Reed v. Heffernan,* supra (evidence that a prior incident occurring at the curve in question had been *caused by hydroplaning* was admissible to elucidate the present defensive contention that hydroplaning was the cause of the incident that was then under consideration). If there was no evidence to show that the curve had been a causal factor in the prior occurrence rather than merely the geographic location where the prior mishap occurred, there is no merit in appellees' contention that the evidence as to the occurrence of that mishap would be relevant and admissible under the exception that they urge. Likewise, the evidence of the prior mishap at the curve would not be relevant to impeach Mr. Meacham's testimony that the curve was as "safe as the rest of the road." Had the curve merely been the location of Mr. Meacham's prior mishap rather than an actual causal factor in its occurrence, proof merely that there had been a prior occurrence at the curve would not be impeaching of Mr. Meacham's current opinion as to the relative safety with which one could traverse the curve.

"While the relevancy of other occurrences is ordinarily within the sound discretion of the court, 'it is necessary that the conditions of the things compared be substantially similar.' [Cit.] Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate. [Cits.]" *Carlton Co. v. Poss,* 124 Ga. App. supra at 155 (3). Here, there was no showing of any substantial similarity between the physical injuries, if any, sustained by Mr. Meacham in the three prior traffic mishaps and those injuries which he had allegedly incurred as the result of this incident. There was no showing of any substantial similarity between the causal factors in the occurrence of this present mishap and the occurrence of Mr. Meacham's prior loss of control of his vehicle while negotiating the curve. Thus, the only possible inference arising from the introduction of the evidence of the three prior occurrences is that Mr. Meacham had been negligent on those three occasions and that he had, therefore, probably been negligent on this occasion as well. The trial court erred in admitting the evidence and that error requires the grant of a new trial.

2. "[I]t is proper in a negligence action, where the plaintiff has

made out a prima facie case, for the court to charge the jury that the burden is on the defendant to establish by a preponderance of the evidence that the plaintiff's injuries were caused by his own negligence or contributory negligence if the defendant relies on such defense. . . ." *Garner v. Sharp*, 111 Ga. App. 47, 48 (3) (140 SE2d 511) (1965). Appellants made a written request for such instruction. Compare *Garner v. Sharp*, supra; *Whitman v. Burden*, 155 Ga. App. 67 (2) (270 SE2d 235) (1980). The trial court's refusal to give this requested instruction is enumerated as error.

Appellees make no contention that appellants' written request, as phrased, was not a sufficiently non-argumentative statement of an otherwise applicable legal principle in the cases. Nowhere in the charge as it was actually given by the trial court was the legal principle contained in appellants' refused request otherwise addressed. Indeed, the charge as it was actually given by the trial court could easily be misconstrued by the jury as imposing the burden upon appellants of proving not only appellees' negligence but also the burden of proving the absence of any contributory negligence on the part of Mr. Meacham. Cf. *Whitehead v. Seymour*, 120 Ga. App. 25, 26 (1) (169 SE2d 369) (1969). "An instruction erroneously casting the burden of proof on the losing party as to a substantial issue in the case is usually reversible error. [Cit.]" *Whitehead v. Seymour*, supra at 27 (1). Under the circumstances of this case, the refusal to give appellants' written request was error. Assuming that the evidence adduced at the retrial of these cases is the same as that which was adduced here, such a charge should be given if it is again requested in writing.

3. The trial court's giving of a charge on the principle of assumption of the risk is enumerated as error. Assumption of the risk "assumes that the actor, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not." *Whitehead v. Seymour*, supra at 28 (4). The alleged dangerous condition in this case was an accumulation of mud on the surface of a highway. Appellees contend that, insofar as the evidence authorized a finding that Mr. Meacham had actually seen the mud before his vehicle reached it, he assumed the risk of voluntarily encountering it, which risk included the loss of control of his car.

Construing the evidence most favorably for appellees, one of two findings would be authorized: Either Mr. Meacham was driving too fast for conditions and, upon observing the mud, had been unable to slow his vehicle to a safe speed before encountering it, or he had observed the mud within a sufficient amount of time to slow his vehicle to a speed which would otherwise enable him to pass through it safely but he had simply neglected to do so. This evidence raises the issue of whether Mr. Meacham had been contributorily negligent in the man-

ner in which he encountered the mud, not his voluntary assumption of the risk of losing control over his vehicle. " 'In working out the distinction the courts have arrived at the conclusion that assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while contributory negligence is a matter of some fault or departure from the standard of reasonable conduct, however unwilling or protesting the plaintiff may be.' " *Roberts v. King*, 102 Ga. App. 518, 521 (1) (116 SE2d 885) (1960). There was no evidence that the accumulation of mud was such that, regardless of the precautions taken by *any* driver who voluntarily chose to encounter it, *no* vehicle could pass through it without the risk of sliding. Compare *Deere & Co. v. Brooks*, 250 Ga. 517 (299 SE2d 704) (1983). Under the evidence, a driver, who in the exercise of ordinary care had observed the mud within a sufficient amount of time to make a voluntary choice as to how to proceed, could presumably have undertaken precautions enabling him to drive through it in such a manner as to avoid the risk of sliding. Compare *Deere & Co. v. Brooks*, supra. The only issue was whether Mr. Meacham had neglected to take those precautions. "To have applied the doctrine here would require that whenever one drives a motor vehicle on any street or highway he would be subject to the doctrine of assumption of the risk. This is simply beyond the meaning of the [doctrine]." *Myers v. Boleman*, 151 Ga. App. 506, 510 (3) (260 SE2d 359) (1979). It follows that the trial court erred in giving a charge on assumption of the risk. Assuming that the evidence presented at the retrial of these cases is the same as that which was adduced here, no charge on assumption of the risk should be given.

4. The trial court's giving of a charge on legal accident is enumerated as error.

" 'An "accident," in law, refers to an event not proximately caused by negligence but which instead arises from an unforeseen or unexplained cause.' [Cit.]" *Chadwick v. Miller*, 169 Ga. App. 338, 339-340 (1) (312 SE2d 835) (1983). Here, the undisputed evidence showed only that Mr. Meacham's loss of control over his vehicle was either the result of his encountering the mud on the roadway or it was the result of his own actions or inactions taken prior to encountering the mud or it was the combined result of both. Compare *Sellers v. Lawrence*, 178 Ga. App. 734 (344 SE2d 710) (1986). Thus, there was no evidence to authorize a finding that Mr. Meacham's mishap had been caused by anything other than appellees' alleged negligence or Mr. Meacham's own alleged contributory negligence or a combination thereof. Compare *Reed v. Heffernan*, supra at 84 (1a). Since the evidence "would only authorize findings that the [mishap] was the result of the *negligence* of either [appellees] or [Mr. Meacham] or of both combined . . . , the instant case clearly does not come within the 'strict' definition of legal accident. . . ." (Emphasis in original.) *Dur-*

*den v. Collins*, 169 Ga. App. 347, 349 (4) (312 SE2d 842) (1983). "The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable.* Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error. [Cits.] The charge on accident was totally unauthorized in the instant case. . . ." (Emphasis in original.) *Chadwick v. Miller*, supra at 344 (1). If at retrial of these cases, the evidence is the same as that which was adduced here, no charge on legal accident should be given.

5. The trial court gave the following charge: "[T]he failure of [appellants] to call as a witness in this case doctors who treated [Mr. Meacham] for the claimed injuries arising out of this occurrence, without showing why they could not be produced, raises a presumption that their testimony would have been unfavorable to [appellants], but this presumption may be rebutted." The giving of this charge is enumerated as error.

Appellees cite OCGA § 24-4-22 as authority for this charge: "If a party has evidence in his power and within his reach by which he may repel a claim or charge against him but omits to produce it, or if he has more certain and satisfactory evidence in his power but relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim against him is well founded; but this presumption may be rebutted." However, this is not a case wherein appellants failed to introduce the testimony of *any* of the physicians who had treated Mr. Meacham for the injuries that he had allegedly suffered in this incident. The depositions of numerous physicians who had treated Mr. Meacham subsequent to this occurrence were introduced into evidence by appellants. Although these physicians may not have appeared to testify in person, their deposition testimony was certainly not of a "weaker and inferior nature." See OCGA § 9-11-32. Cf. *McKnight v. Wilson*, 158 Ga. 153 (2) (122 SE 702) (1924). As it was phrased, the contested charge undoubtedly could have the erroneous effect of confusing and misleading the jury as to the evidentiary consideration to be given to the deposition testimony of Mr. Meacham's physicians.

Appellees further urge that, insofar as appellants failed to produce testimony from *all* of Mr. Meacham's physicians, whether by deposition or in person, *Taylor v. Associated Cab Co.*, 110 Ga. App. 616 (139 SE2d 519) (1964) constitutes authority for the giving of the contested charge. *Taylor* does not even constitute authority for the proposition that, under such evidentiary circumstances, *a* charge on OCGA § 24-4-22 would be authorized and it is certainly not authority for *the* charge that was given here. *Taylor* in no way purports to address the issue of jury charges. The holding in *Taylor* was merely that

medical testimony would be required to secure the admission of certain medical bills and, indeed, *Taylor* no longer constitutes viable authority for even that principle. See *Eberhart v. Morris Brown College*, 181 Ga. App. 516 (352 SE2d 832) (1987).

We need not decide whether the mere failure to call *all* physicians, regardless of their ostensible knowledge of the contested issues in a case, would be sufficient to authorize *a* charge on the principles of OCGA § 24-4-22. But see *Trammell v. Williams*, 97 Ga. App. 31, 33-34 (1) (101 SE2d 887) (1958), holding that "[w]hile a party need not account for every witness who has knowledge of facts pertinent to his cause or defense ([cit.]), where the testimony of available witnesses is *material* to his cause or defense, the witnesses must be produced or the inference will arise that their testimony would be unfavorable to the party who fails to produce them. [Cits.]" (Emphasis supplied.) The charge that was actually given in this case was misleading under the existing evidentiary circumstances and, if the depositions of some of Mr. Meacham's physicians are introduced at the retrial of this case, the trial court should refrain from reemploying it.

*Judgments reversed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 2, 1987.

*Thomas W. Thrash, Jr., Richard W. Hendrix*, for appellant.
*John M. Taylor, B. Holland Pritchard*, for appellees.