## A89A1257. STILTJES v. RIDCO EXTERMINATING COMPANY, INC.

### (386 SE2d 696)

SOGNIER, Judge.

Pamela Stiltjes brought an action against Ridco Exterminating Company and others seeking damages for the wrongful death of her husband. All defendants other than Ridco were eliminated from the action before trial. The action against Ridco was tried by a jury, resulting in a verdict for Ridco, and Stiltjes appeals.

Construing it to support the verdict, the evidence adduced at trial showed that appellant's husband, Michael Stiltjes, an asthmatic for most of his life, died at age 31 as a result of respiratory failure. His death occurred several hours after appellee's agent, Billy Jones, had, at appellant's request, returned for the third time in three weeks to treat the Stiltjes' home for roaches.

Appellant enumerates four contentions of error by the trial court in its charge to the jury. We find no error and affirm.

1. Appellant contends the trial court erred by charging the jury on the legal principle of accident because the only evidence adduced showed that her husband died as a result of either his own negligence or that of appellee, and "[a] charge on legal accident can be given only where there is no evidence of negligence on the part of either party. [Cits.]" *Seaboard C. L. R. Co. v. Delahunt*, 179 Ga. App. 647, 652 (347 SE2d 627) (1986). However, the authority given for that proposition in *Delahunt*, supra, *Cohran v. Douglasville &c. Prods.*, 153 Ga. App. 8 (264 SE2d 507) (1980), reveals that the proper standard for giving a charge on legal accident is whether the jury properly could find that the decedent's death was not caused by either party's negligence. " 'The principle of law relating to the theory of accident can only apply when under some theory of the case the injury is the result of the negligence of neither of the parties, but is a mere casualty due to the negligence of no one. (Cit.)' [Cit.]" Id. at 9. There was testimony in the case sub judice that asthma sufferers may be sensitive to a number of irritants and allergens, and that the fatal asthma attack suffered by appellant's decedent could have been precipitated by some factor involving the negligence of no one, such as an allergic reaction to roaches or irritation from any one of several odors unrelated to the pest control chemicals applied by Ridco. Accordingly, the trial court did not err by instructing the jury on accident. See generally *Southern R. Co. v. Ga. Kraft Co.*, 188 Ga. App. 623, 625 (7) (373 SE2d 774) (1988).

2. Appellant maintains the trial court erred by failing to give three of her requested charges.

(a) We do not agree with appellant that the trial court erred by failing to give her requested charge on the law of the case. In an ear

lier appeal, *Stiltjes v. Ridco Exterminating Co.*, 178 Ga. App. 438 (343 SE2d 715) (1986), this court held that evidence in the record showed that "the dangers of skin contact with and inhalation of pyrethrins to persons such as [appellant's] decedent are known," and that appellee, as a professional pest control operator, was charged with knowledge of those dangers. Id. at 441 (2). Appellant sought to incorporate that ruling into her requested charge. However, although OCGA § 9-11-60 (h) provides, in pertinent part, that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be," appellant's requested charge was not applicable here for two reasons.

First, "[t]he 'law of the case' has been defined as a controlling legal rule established by a previous decision *between the same parties* in the same case. [Cit.]" (Emphasis supplied.) *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 822 (1) (318 SE2d 657) (1984). Appellee was not a party to the prior appeal, which involved the alleged liability of the formulator and distributor of the pesticides. Second, "if subsequent to an appellate decision, the evidentiary posture of the case changes in the trial court, the law of the case rule does not limit or negate the effect that such change would otherwise mandate." *Modern Roofing &c. Works v. Owen*, 174 Ga. App. 875, 876 (332 SE2d 14) (1985). At the time *Stiltjes*, supra, was decided the evidence of record apparently indicated to this court that pyrethrins were dangerous to persons suffering from asthma, and appellant was contending it was the inhalation of pyrethrins that caused the fatal asthma attack. At trial, however, it was generally conceded that pyrethrins were safe, appellant's own expert opined that "the whole argument of pyrethrins can be thrown out," and autopsy findings indicated no pyrethrins in the blood of appellant's decedent. Instead, appellant's theory was that the odor of the pesticides, an irritant to which asthmatics are unusually sensitive, triggered the attack. Thus, the evidentiary posture of the case had changed by the time of trial, rendering the law of the case as expressed in the previous appeal inapplicable. *Modern Roofing*, supra at 876. Accordingly, the trial court did not err by refusing to give appellant's requested charge on this issue.

(b) Although the trial court charged the jury regarding the defenses of comparative negligence and avoidance, appellant contends the trial court erred by refusing to charge the jury concerning the shifting burden of proof on those defenses. " '(I)t is proper in a negligence action, where the plaintiff has made out a prima facie case, for the court to charge the jury that the burden is on the defendant to establish by a preponderance of the evidence that the plaintiff's injuries were caused by his own negligence or contributory negligence if the defendant relies on such defense. . . .' [Cit.]" *Meacham v. Bar-*

*ber*, 183 Ga. App. 533, 535-536 (2) (359 SE2d 424) (1987). Thus, *Meacham* requires that if the plaintiff has made out a prima facie case, the jury should be instructed that the burden then shifts to the defendant to prove any asserted defenses regarding the plaintiff's own lack of due care. Although it is the better practice to give a charge on this shifting burden of proof whenever contributory negligence or avoidance is asserted as a defense, *Meacham*, supra, does not require that such a charge be given if the plaintiff does not present a prima facie case. We turn, therefore, to a review of the evidence in the light most favorable to the jury's verdict to determine whether, in her case in chief, appellant made out a prima facie case.

Appellant adduced evidence from her experts that the odor of the chemicals applied could have triggered the attack. Although appellant proffered no evidence indicating negligent application, if appellee knew or should have known that the odor of the chemicals it was applying was harmful to persons such as appellant's decedent who suffer from asthma, but failed to warn him or take other precautions, breach of a duty would be shown. Appellant's expert testified he had found in the medical literature a study identifying pesticide odor as one of the main irritants triggering asthmatic attacks. However, that study was published in 1986, and was the only one the expert could find. The pesticide application which is the subject of this suit occurred in 1983. Thus, even if appellee knew or should have known that the decedent was asthmatic, no evidence was shown that appellee had actual or constructive knowledge, at the time it applied the pesticides, that the odor was particularly dangerous to the decedent. Therefore, no breach of duty was shown. Because breach of duty is an essential element in a negligence case, we hold that appellant failed to make out a prima facie case, and therefore failure to give the requested charge was not reversible error. See *McCrackin v. McKinney*, 52 Ga. App. 519, 521 (183 SE 831) (1936).

(c) Appellant enumerates as error the trial court's refusal to give her requested charge on negligence per se. The trial court did instruct the jury with regard to OCGA § 43-45-9, concerning certification and licensing of pest control operators. The remainder of the requested charge was not adjusted to the facts of the case as tried in that it referred to the danger of pyrethrins to the decedent and appellee's knowledge of that danger. See Division 2 (a), supra. It is not error for a trial court to refuse a charge which is not adjusted to the evidence. See *Andrews v. Major*, 180 Ga. App. 393, 396 (5) (349 SE2d 225) (1986). Moreover, the charge was clearly argumentative because it assumed that appellee had knowledge that the chemicals it had applied were dangerous, and a trial court properly may refuse to give a requested charge which is argumentative. *Turner v. Malone*, 176 Ga. App. 132, 133 (1) (335 SE2d 404) (1985). Accordingly, the trial court

did not err by refusing to give this requested charge. See id.
*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1989.

*Lefkoff, Duncan, Grimes & Dermer, John R. Grimes, Kimberly A. Richardson*, for appellant.
*Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby, Eve A. Appelbaum*, for appellee.