A91A0459. ENGRAM v. SONNY CAMPBELL'S GULF, INC.
(406 SE2d 551)

CARLEY, Judge.

The relevant facts in this appeal are as follows: An employee of appellee-defendant's service station erroneously began to pump gasoline into appellant-plaintiff's diesel automobile. When this mistake was discovered, it was agreed that the fuel tank would not be drained but would simply be filled with diesel fuel. Four days later, the car stopped running and was towed to appellee's service station for repair. Subsequently, however, appellee determined that a diesel mechanic should make the repairs and it towed the car to Evans Auto Repair (Evans) for that purpose. Although appellant's prior approval had not been obtained, he ratified the removal of his car to Evans and authorized Evans to make the repairs. When appellant was subsequently informed that appellee would not pay for the repair work, he had his car moved from Evans and repaired elsewhere. Thereafter, appellant brought the instant suit, seeking to recover for alleged property damage to his car. The case was tried before a jury and a verdict in favor of appellee was returned. Appellant appeals from the judgment that was entered by the trial court thereon.

1. One of appellant's contentions was that his automobile had originally been damaged by the gasoline pumped into it by appellee's

employee. However, the evidence was in dispute as to whether appellant's car had stopped running because of the gasoline pumped into it four days earlier or whether some other mechanical factor having no connection with the gasoline was the cause. The jury, as it was authorized to do, obviously found that appellant's car had not been damaged by the gasoline and that appellee was not liable under this theory. Appellant's other contention was that, regardless of the reason why repair work had originally been necessary, his car had also been damaged while in the possession of Evans and that appellee was vicariously liable for this further damage. Appellant moved for a directed verdict as to appellee's liability under this theory and the denial of that motion is enumerated as error.

A bailment arose when appellant's car was towed to appellee's service station for repair. "The relationship of the owner of an automobile and the owner of the garage in which the automobile is stored is that of bailor and bailee. The bailee is bound to use ordinary care for the safekeeping and return of the automobile." OCGA § 44-12-77. "The bailee becomes . . . such an agent of the bailor as that he is required not only to use the property for the special object only for which he was entrusted with it, and in conformity with the purpose of the trust, but also to act in good faith with the bailor and his interests." *Haines v. Chappell*, 1 Ga. App. 480, 482 (58 SE 220) (1907). "Usually, where a bailee is entrusted with valuable property, he cannot shift his responsibility of accounting for it by showing that a wrongful conversion of the property was committed by another person to whom he delegated the duty imposed upon himself alone; for, as a general rule, he would be held to have employed such other person at his own peril, and every act of his agent would, in law, be the act of himself." *Merchants Nat. Bank of Savannah v. Carhart*, 95 Ga. 394, 398 (2) (22 SE 628) (1894). Thus, appellee proved no viable defense to potential liability simply by showing that, after appellant had entrusted his car to it, it had then entrusted appellant's car to Evans.

However, the record shows more than appellee's mere unilateral entrustment of appellant's car to Evans. The undisputed evidence shows that appellant himself ratified the entrustment of his car to Evans. Appellant communicated with Evans "when [his car] first arrived there" and frequently thereafter and he specifically authorized Evans to make the repairs. Thus, appellant would be estopped to assert that it was appellee, rather than Evans, who was finally accepted by him as the bailee of his car. "Where the principal, with knowledge of all the facts, adopts and acquiesces in the acts done under an assumed agency, he cannot afterwards be heard to impeach them, under the pretense that they were done without authority or even contrary to instructions." (Emphasis omitted.) *Perry v. Hudson*, 10 Ga. 362 (2) (1851). Thus, the undisputed evidence of record shows that appel-

lant's bailment theory of liability would be assertable only as against Evans directly rather than as against appellee vicariously.

Moreover, even if appellee could be held vicariously liable, appellant otherwise failed to prove damages under this bailment theory. There is evidence that the engine of appellant's car was disassembled by Evans and was never reassembled. However, Evans was authorized to repair appellant's vehicle and there is absolutely no evidence that the disassembly of the engine would constitute actionable damage rather than authorized repair. It was appellant, not Evans, who had terminated the bailment before repairs were completed and who had insisted on the return of his automobile notwithstanding its disassembled engine. Although there was evidence that not all of the parts of the engine were returned to appellant by Evans, there is absolutely no evidence as to the diminished value of the engine without these parts.

It follows that, if the trial court erred in connection with the bailment theory of appellee's liability, it was clearly not in failing to grant a directed verdict in favor of appellant. There being no evidence to authorize a verdict in appellant's favor under this theory, it is appellee who was entitled to a directed verdict.

2. The giving of a contested charge relating to the bailment theory does not mandate reversal. Even if the charge was erroneous, it was harmless since the bailment theory was not otherwise viable as against appellee.

3. Appellant sought to introduce evidence that, on a prior occasion, his diesel automobile had been *filled* entirely with gasoline by one of appellee's employees. The trial court's refusal to admit this evidence is enumerated as error.

The trial court was authorized to find that appellant had failed to meet the burden of showing substantial similarity between this prior occurrence and the instant occurrence wherein his diesel automobile had been less-than-half filled with gasoline. " 'While the relevancy of other occurrences is ordinarily within the sound discretion of the court, "it is necessary that the conditions of the things compared be substantially similar." (Cit.) Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate. (Cits.)' [Cit.]" *Meacham v. Barber*, 183 Ga. App. 533, 535 (1) (359 SE2d 424) (1987).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 11, 1991.

*H. Arnold Hammack*, for appellant.
*B. Samuel Engram, Jr.*, pro se.
*Watson, Spence, Lowe & Chambless, Stephen S. Goss*, for appel-

lee.